**WARDLOW v. EDWARDS et al.   (No. 2741.)**

(Court of Civil Appeals of Texas. Texarkana.
April 27, 1923. Rehearing Denied
May 10, 1923.)

**Bills and notes ⬤⟳97(2)—No failure of consideration for nondelivery of collateral agreement by payee where he substantially complied with its terms.**

Defendant, the purchaser of land, in consideration of an extension of time in which to pay purchase-money notes, executed his note in which the other defendants joined as joint makers, upon the vendor's agreement to credit the amount of such note on the original lien notes, and to deliver to the purchaser an instrument in writing as evidence of his undertaking to so extend the time of payment. The vendor credited the note as agreed, but did not execute and deliver the written instrument evidencing the agreement. *Held*, that defendants could not urge failure of consideration by reason of the vendor's failure to execute and deliver the said instrument in writing, since at least a part of the consideration of the note sued on 'was the vendor's undertaking to credit the amount on the original lien notes and to extend the time for payment of the balance, both of which conditions the vendor had performed.

Appeal from District Court, Camp County;
R. T. Wilkinson, Judge.

Action by J. W. Wardlow, for the use and benefit of the First Guaranty State Bank of Pittsburg, against Fred Edwards and others. Judgment for defendants, and plaintiff appeals. Reversed and rendered.

In 1920 appellant Wardlow conveyed a tract of land to appellee Edwards, receiving therefor $1,000 in cash and Edwards' two promissory notes for $1,750 each, due January 1, 1921, and January 1, 1922, respectively, and each secured by a lien retained on the land. It was stipulated in the notes that the failure of Edwards to pay the one due January 1, 1921, should operate to mature the other one at the option of the holder thereof. When said note payable January 1, 1921, matured, Edwards was not able to pay it and offered to reconvey the land to appellant, if the latter would cancel the notes. Appellant refused to. do that, and proposed, if Edwards would make and have the other appellees join him in making a note in his (appellant's) favor for $1,296.75 payable January 1, 1922, to credit the two $1,750 notes with that sum, thereby reducing the aggregate amount thereof to $2,500, and permit Edwards to pay one-third of that amount January 1, 1922, one-third January 1, 1923, and the other one-third January 1, 1924. Edwards accepted this proposition and made the $1,296.75 note, the other appellees, to wit, J. W. Cason, J. W. Henderson, and J. M. Cason, executing it as his sureties. Thereupon appellant turned the note over to the First Guaranty State Bank of Pittsburg to hold as collateral security for indebtedness he owed it and had the bank to credit the $1,750 notes, which it also held as collateral security for Wardlow's indebtedness to it, with the amount thereof as agreed upon. Default in the payment of the $1,296.-75 note when it became due January 1, 1922, having been made, appellant, on January 13, 1922, instituted this suit against appellees for

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the use and benefit of the bank. In their answer appellees set up as a defense against the recovery sought a failure of the consideration for the note in that they were induced to execute it by the promise of appellant, fraudulently made, because with intent not to comply with it, and which he did not comply with, to execute and deliver to them an instrument in writing as evidence of his undertaking to extend the time of payment of the $1,750 notes as agreed upon. The trial was to the court without a jury. He found that appellant agreed to execute and deliver such an instrument to Edwards and failed to do so, and rendered judgment denying appellant any relief, canceling the $1,296.-75 note sued upon, and also canceling the credit entered upon the two $1,750 notes referred to.

J. D. Bass and C. G. Engledow, both of Pittsburg, and Henderson & Bolin, of Daingerfield, for appellant.

French & Price, of Daingerfield, for appellees.

WILLSON, C. J. (after stating the facts as above). We think the judgment is erroneous, and that it should have been in appellant's favor for the amount of the note sued upon. It was not disputed in the testimony that appellant complied in all respects with his undertaking in the agreement set up by appellees, except that he did not execute and deliver to Edwards an instrument in writing evidencing same. Appellees may have had a right at one time to complain of his default in that respect, but certainly, after appellant had waited the time he agreed to wait for a further payment on the $1,750 notes, they had no right to a recission of the contract and a cancellation of the note sued upon merely because he had breached his undertaking to furnish Edwards written evidence of his agreement to wait that time. A part, at least, of the consideration of the note sued on was appellant's undertaking to credit the $1,750 notes as stated and to extend the time for the payment of the amount of the $1,750 notes remaining after they were so credited; and that part of the consideration, as we have seen, never failed. If the undertaking to furnish Edwards written evidence of the agreement should be treated as also a part of the consideration, the failure of such part would not entitle appellees to a rescission of the contract after the performance thereof by appellant as stated. If appellees, or any of them, were entitled to relief because of appellant's breach of his undertaking in that respect, it was not by a rescission of the contract, but by damages for a breach thereof; and no contention that appellees were entitled to recover anything as damages for such breach was made in either their pleadings or the evidence in the court below.

The judgment will be reversed, and judgment will be here rendered in appellant's favor against appellees for the amount of the note sued upon.