SALLIE TURNER V. OGDEN PORTER BISCOE ET AL.

No. 8055. Decided April 28, 1943.
Rehearing overruled May 26, 1943.
(171 S. W., 2d Series, 118.)

198

*Jones & Jones,* of Mineola, for petitioner.

Proof that at the time a person accepts a deed, in which the consideration is for the care and support of the grantor, and that the grantee did not intend to comply with the named provisions of said deed and did not intend to take care of and support the said grantor, may be established by circumstantial evidence. Gulf C. & S. F . Ry. Co. v. Harvey, 276 S. W. 895; Hill v. Thomas, 140 S. W. (2d) 875; 24 Am. Jur. 134.

*John D. Glass,* of Tyler, for respondent.

In the absence of testimony showing an intention on the part of respondent not to perform her part of the contract at the time she made the promise, she was entitled to an instructed verdict, as requested at the close of the introduction of the evidence. Crow v. Childress, 169 S. W. 967; Pool v. Joy, 61 S. W. (2d) 581; Wilson v. Humble, O. & G. Co. 82 S. W. (2d) 1095.

MR. JUDGE HICKMAN delivered the opinion of the Commission, Section A.

This suit was instituted by Sallie Turner against Ogden Biscoe and those claiming under her as an action in trespass to try title and in a separate count for the cancellation of a deed executed by Sallie Turner to Ogden Porter Biscoe. Sallie Turner will be referred to as plaintiff and Ogden Porter Biscoe as defendant. Upon the verdict of the jury in answer to special issues the trial court rendered judgment that plaintiff take nothing and that judgment was affirmed by the Court of Civil Appeals, 164 S. W. (2d) 70.

The deed sought to be cancelled was executed on March 23, 1938. It recited a consideration of $10.00 cash "and further agreement on the part of grantee to take care of an support me during the remainder of my life." Fraud was sought to be established upon the ground that at the time the deed was executed and delivered the defendant had no intention to perform the covenant just quoted. In answer to special issues the jury found that the defendant had not performed the covenant, but that she intended to perform same at the time plaintiff deeded the land to her. Upon such verdict judgment was rendered that plaintiff take nothing. In her motion for a new trial the plaintiff alleged misconduct of the jury. After a hearing the motion for new trial was overruled and the defendant appealed. The Court of Civil Appeals did not decide the question of misconduct of the jury. It concluded that the defendant's request for an instructed verdict at the close of the evidence should have been granted, and upon that ground affirmed the judgment of the trial court. Manifestly, if the Court of Civil Appeals was correct in its conclusion, then, as held by it, the question of jury misconduct became immaterial.

After mature consideration of the evidence as a whole, viewed in the light most favorable to the plaintiff, we are well convinced that the Court of Civil Appeals correctly concluded that no issue of fraud was raised by the evidence.

■■ The governing principles of law are familiar. A person's intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of the fraud is deception as to an existing fact, namely, the state of the promisor's mind. That fact may be established by circumstanctial evidence taken in connection with the breach, but cannot be established by the breach alone. The fact of breach, standing alone, does not even raise the issue of lack of intention to perform at the time the covenant was entered into. Chicago, Texas & M. C. Ry. Co. v. Titterington, 84 Texas 218, 19 S. W. 472, 31 Am. St. Rep. 39; Sisk v. Random, 123 Texas 326, 70 S. W. (2d) 689; 14 Tex. Jur. p. 805-806, sec. 48; 23 Am. Jur., Fraud and Deceit, Sec. 38.

There being no evidence in the record which, to our minds, raises the issue of fraud, necessarily there is but little to write. The defendant is plaintiff's niece, and when a child lived in her

home. At the time the deed was executed the plaintiff was not less than 68 nor more than 72 years of age. She never had any children of her own and the relations between her and her niece had always been intimate and affectionate. Plaintiff lived in a nice home in Big Sandy for which she paid no rent. She did household work for a merchant and cleaned a church twice a month. Her niece, the defendant, had lived in Tyler for many years where she was engaged in operating a cafe. She was financially able to support and care for plaintiff. Plaintiff owned an undivided one-sixth interest in a 116-acre tract of land near Hawkins, Texas. It paid her no revenue and delinquent taxes were due thereon at the time she deeded it to defendant. By the highest estimate plaintiff's interest in the land was worth but a few hundred dollars. After the deed was executed relations between the plaintiff and defendant continued to be friendly. About two and one-half years after the deed was executed oil was discovered near Hawkins and defendant executed a mineral lease upon the one-sixth interest acquired from plaintiff for $40.00 per acre. This suit was filed the day following the execution of such lease. The plaintiff testified that "I filed it because a white man came to my house and told me she had leased my land, is why I filed it. Q. Who was the white man? A. I just don't know."

This is not a case in which there was no pretense of performance. It is impossible to tell just the character of support which was in the minds of the parties at the time the deed was executed. By the plaintiff's own testimony, as pointed out in the opinion of the Court of Civil Appeals, the defendant asked the plaintiff to move down to her house. It is further disclosed by plaintiff's testimony that she did not want to live "in nobody else's house." While plaintiff testified to facts which indicated that the defendant did not fully perform her agreement, she acknowledged partial prformance and made no demand for cancellation for non-performance until the day after the lease was executed. The fact viewed as a whole, to our minds, are wholly void of circumstances indicating that the defendant intentionally deceived and defrauded the plaintiff. On the other hand, viewed as of the date the deed was executed, they reflect that the defendant assumed an obligation of support which, in all probability would necessitate that she incur expenses in amount far in excess of the value of the property. That obligation is a continuing one and plaintiff is not without a remedy to enforce it. The parties had their deed drawn by a competent attorney. They did not see fit to provide that failure on the

part of the defendant to perform should operate to cause the property to revert to the plaintiff. The value to the plaintiff of defendant's covenant, viewed as of the date the deed was made, may have been considered greater than that of the right to claim a forfeiture upon breach of a condition subsequent. But, be that as it may, it is our considered opinion that this record contains no evidence from which fraud could be reasonably inferred.

The judgment of the Court of Civil Appeals affirming that of the trial court is affirmed.

Opinion adopted by the Supreme Court April 28, 1943.

Rehearing overruled May 26, 1943.