## WARNER v. VENTURE PETROLEUM CORPORATION.

### No. 11510.

Court of Civil Appeals of Texas.
San Antonio.

May 31, 1945.

Rehearing Denied June 27, 1945.

W. H. Kennon, of San Antonio, and Bismark Pope and Horace C. Hall, both of Laredo, for appellant.

Neel, King & Rachal and F. J. Flores, all of Laredo, for appellee.

NORVELL, Justice.

Appellant's statement of the nature and result of the case is as follows: "Appellant sued appellee seeking to have a trust imposed upon an undivided one-half interest in certain mineral leaseholds in the Lopeno field, Zapata County, Texas, the gas wells thereon and the proceeds of the sale of gas therefrom, the leaseholds having been assigned by appellant and C. E. Jamison to appellee's predecessor in title (R. B. Morrison), the basis of the alleged trust being an oral agreement to drill a test well for oil to the depth and under the conditions alleged, the consideration to appellant being the enhancement in val-

ue of mineral leaseholds owned by him in the immediate vicinity of the assigned acreage. The alleged oral agreement was denied and repudiated by appellee. The case was tried to a jury, and virtually at the outset of the hearing the trial court sustained objections to testimony offered by appellant to establish the alleged parol contract, withdrew the case from the jury and rendered judgment for appellee, upon the grounds, substantially, that the agreement was in contravention of the Statute of Frauds and offended against the parol evidence rule, from which judgment an appeal to this Honorable Court has been perfected."

■ The evidence contained in the statement of facts proper and the bill of exceptions set out therein goes no farther than showing a breach of an oral contract to drill an oil well, assuming that Morrison did make the agreement alleged, and the same was later assumed by appellee, Venture Petroleum Corporation. It is well settled in this State that the failure to discharge a promise of something to be done in the future is not fraud. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158; Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St. Rep. 39; Tackett v. Cunningham, Tex.Civ. App., 91 S.W.2d 965; Hayden v. Dunlap, Tex.Civ.App., 84 S.W.2d 306, 307; Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581.

The written assignment of oil and gas leases executed by appellant, Thor Warner, and C. E. Jamison to R. B. Morrison, dated March 29, 1934, provided that as a part of the consideration therefor Morrison should drill an oil well upon a certain tract covered by the assignment to a depth of 2500 feet, unless oil or gas in paying quantities be discovered at a lesser depth. This well has been drilled as a producer.

Warner was called to the stand for the purpose of giving testimony to be included in a bill of exception. He stated that at the time of the execution of the assignment, in 1934, he had a conversation with Morrison,—"I demanded from Mr. Morrison the assurance that he would drill a deep hole and I wanted to insert it in the written document of 1934, but Mr. Morrison said that the condition financially at that time was even worse than it was in 1933 and he pointed out to me again that to insert a clause in the new agreement would hamper them from even getting finances to drill a shallow hole, and he finally persuaded me on that point. I realized that the financial condition in the country was in a chaotic state and that it was difficult to secure even small sums of money, and he said if he could get the agreement as it was in 1933 whereby he was to go in and drill a shallow well, that he would upon the strength of that secure additional finances for the drilling of the deep hole.

"Q. State what, if anything, he said to you about his intention to drill a deep hole? A. He promised me faithfully that he would drill the deep hole as soon as they could secure the finances, either from production or the sale of acreage.

"Q. To what depth did he agree to drill it? A. Eight thousand feet.

"Q. To eight thousand feet? A. Yes, sir. * * *

"Q. Did Morrison's promises with respect to the drilling of the deep test influence you in making that contract? A. Yes, sir, it did.

"Q. Would you have made the contract in the absence of these representations and inducements? A. No, sir, absolutely not, I would not have made the contract if he had not promised me faithfully that he would drill the deep hole, which would explore the horizons that I was mostly interested in down along the Rio Grande. * * *

"Q. Now, what was Mr. Morrison's agreement with respect to the depth of that well? A. Mr. Morrison promised me faithfully when I made the first agreement and when I made the agreement of 1934 that he would drill a hole to eight thousand feet as soon as the syndicate or corporation came into funds to carry it out."

■ We think it clear that the trial court properly excluded the proffered testimony above set out, for the reasons stated in the objections made thereto, based upon the parol evidence rule and the statute of frauds. Johnson v. Johnson, Tex. Com.App., 14 S.W.2d 805; Hillman v. Graves, Tex.Civ.App., 134 S.W.2d 436; 17 Tex.Jur. 854, § 388; Article 3995, Sec. 4, Vernon's Ann.Civ.Stats; Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662; Douglass v. Texas-Canadian Oil Corporation, 141 Tex. 506, 174 S.W.2d 730; 3 Summers, Oil and Gas, § 546, p. 267; 20 Tex.Jur. 279, § 70.

598

Since the evidence properly before the trial court would not authorize a recovery as prayed for by appellant, the court below was correct in rendering judgment for appellee.

Affirmed.

#### On Motion for Rehearing.

Appellant has filed herein a motion for rehearing containing a request for supplemental findings and conclusions. It is well settled, as pointed out in the original opinion, that the failure to discharge a promise of something to be done in the future is not fraud. Further, "the fact of breach (of a contract), standing alone, does not even raise the issue of lack of intention to perform at the time the covenant was entered into." Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119. In view of these rules, we conclude that if it be assumed that Morrison did make the oral agreement alleged, binding himself to drill an eight thousand foot hole, there is no evidence in the record which would support a finding that at the time of the making of said agreement Morrison did not intend to perform the same.

Appellant's motion for rehearing is overruled.