Cunningham, Lipscomb & Cole, of Bonham, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

DAVIDSON, Judge.

Upon his plea of guilty to the offense of unlawfully carrying a pistol, appellant's punishment was fixed at a fine of $100.

By motion for new trial, appellant sought to set aside the judgment for several reasons, among which was that he was not, in fact, guilty of the offense charged, that he entered the plea of guilty under duress, and that he was illiterate and unlearned, not knowing his legal rights.

It appears that upon the hearing of the motion for new trial, the appellant offered to sustain, by proof, the allegations contained in the motion but was prevented by the trial court from so doing, upon the theory of the State that the plea of guilty was final and not subject to be set aside by the attack sought to be made thereon.

The bill of exception presenting this matter shows that the appellant "expected to prove and would have shown by the witness, W. J. Green, if he had been permitted to do so * * *; that he (appellant) was by the said witness and other members of the Sheriff's force to Fannin County, Texas, advised to and under duress did plead guilty to the charge filed against him in the County Court of Fannin County, Texas; * * * that said accused was in fact not guilty of the offense for which he was tried and convicted; that he (witness), as arresting officer, was not possessed of lawful facts which showed that accused was guilty of the offense for which he was tried and convicted * * *."

The approval of this bill of exception constitutes a certificate by the trial court that the appellant entered the plea of guilty

under duress and that he was not, in fact, guilty of the offense.

Such being the facts, the trial court should have granted the new trial. Meeking v. State, 67 Tex.Cr.R. 69, 148 S.W. 309.

The judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### CROCKER v. CROCKER.
### No. 4356.

Court of Civil Appeals of Texas. Beaumont.
May 9, 1946.

Rehearing Denied June 5, 1946.

Lamar Cecil, of Beaumont, for appellant.

Lipscomb & Lipscomb, of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from a judgment of divorce in favor of Lola Crocker, appellee, against Herman Crocker, appellant, in which judgment was contained a decree in favor of appellee for certain real property theretofore conveyed to her by appellant. The appeal relates only to that portion of the judgment which concerns the real estate.

The parties were married first in 1931, which union was dissolved by divorce in 1937. They remarried in 1938. A suit for divorce was again instituted by the appellee in February, 1945, and was dismissed by her about 30 days later, at which time appellant executed and delivered to appellee a deed to their home, for the recited consideration only of love and affection. In September, 1945, she again filed a suit for divorce, which resulted in the judgment from which this appeal is taken. When this suit was filed, appellant answered and filed a cross action for divorce himself and alleged that the deed from himself to his wife was procured by her fraudulently; in that while his wife's second suit for divorce was pending, she agreed with him to abandon her said suit and return to him as his wife if he would deed her the property which was their home. He alleged that he agreed to this in good faith, but that she had no intention at the time of continuing to live with him as his wife, and that in fact she did leave him and filed suit for divorce a little over five months later. He prayed for divorce, for a decree cancelling the said deed to her, and for an accounting of and settlement of their community and separate interests in such real property and other property which they owned.

On the trial, which was to a jury, the court overruled the appellee's motion for instructed verdict. The only issue submitted to the jury was an inquiry as to whether the deed in question was procured by fraud. The jury by its verdict found in the affirmative. The appellant moved for judgment on the verdict, and the appellee moved for judgment non obstante veredicto. The court entered judgment for appellee, finding that the material allegations of her petition for divorce were supported by the evidence and granting her a divorce, and also finding that the evidence raised no issue of fact for the jury's determination that the deed was procured by fraud, and decreeing that appellant take nothing on his cross action except as to some named items of his separate property.

The appellant on appeal assails the action of the trial court in entering judgment notwithstanding the verdict in his favor. He maintains that the evidence raised the issue of fact, and, the jury having determined the issue in his favor, the court should have entered a decree setting aside the deed for fraud.

The parties to the appeal are in agreement as to the law question involved. The proposition is well established that in order to set aside the deed in this case, the appellant was under the burden of establishing that at the time his wife dismissed her second divorce suit and agreed to continue to live with him as his wife, she had the fraudulent intent at the time not to carry out her portion of the agreement. Johnson v. Johnson, Tex.Civ.App., 272 S.W. 225; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Odom v. Odom, Tex. Civ.App., 139 S.W. 900; Elliott v. Elliott, 50 Tex.Civ.App. 272, 109 S.W. 215, 1142; Chicago, T. & M. C. Railway Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am. St.Rep. 39. Both parties have favored

the court with exceptionally good briefs, containing quotations from numerous authorities, all of which are authoritative. They adequately present their divergent views as to the application of the rule to this case.

We have read not only the portions of the testimony quoted by the parties in their briefs, but the entire statement of facts. Mrs. Crocker testified that she intended to live with Mr. Crocker, and that for several months after they went back together they lived harmoniously. She said she had her doubts about their ability to make a success of their marriage, but that she was willing to try; that he began quarrelling with her after a few months, and that he was the one who repeatedly suggested to her that she sue again for divorce. It was also developed on the trial that on this last occasion he had asked her to employ an attorney of his selection to represent her and that they at first had agreed on the terms of a property settlement, which did not affect the deed. Mr. Crocker testified that he made the deed to Mrs. Crocker in the hope that he could thus preserve his home; that he loved his wife very greatly and would at that time have made any concession to her in order to get her to dismiss her divorce suit against him and continue to live with him; that he had made every effort to live in harmony with her, but that she was of a very jealous nature and wrongfully accused him of affairs with other women on many occasions; that for "sixty or ninety days" after their reconciliation and the dismissal of the divorce suit and the execution of the deed, his wife was as kindly and affectionate toward him as she had been in their earlier days of married life.

The appellant in his brief relies upon as evidence to support the jury's finding of fraud, the unquestioned fact that Mrs. Crocker did leave Mr. Crocker and sue him for divorce within a few months after their reconciliation and her testimony that at the time of the agreement, she had some doubt in her own mind that they could make a success of their marriage. No other facts can be found in the record which might be of value to the appellant in this regard, and we do not believe that these are sufficient to raise a fact issue that Mrs. Crocker had the intent at the time she secured the deed not to carry out her part of the agreement to live with him. It cannot be seriously urged that Mrs. Crocker was obligated by such an agreement to live with her husband until death should end their marriage relation, no matter what his own conduct should become. Under such a view of their agreement, and its legal effect, she would be in the position of having perpetually waived all her rights under the divorce statutes of the state. Their reconciliation placed her under no heavier obligation to her husband than to dismiss her suit for divorce and live with him as his wife until such time as her husband's conduct and the divorce statutes might give her the right to sever the marriage tie. The court in its judgment found that he had given her cause for divorce, and appellant makes no complaint of this portion of the judgment. Mrs. Crocker's doubt as to the probabilities of the success of the reconciliation appear to have been borne out by the march of events, and the justice of her course in the proceedings has been approved by the trial court in its decree of divorce in her favor.

Our view of the evidence is that the trial court did not err in rendering judgment non obstante veredicto, because there was not sufficient evidence to support the finding of the jury that the deed was secured by fraud.

The judgment is affirmed.