## JOHNSTON et al. v. BRACHT.

### No. 12217.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1951.

Irving G. Mulitz, Houston, for appellants.

Hyde, Barbour & Shireman, Corpus Christi, for appellee.

POPE, Justice.

This is an appeal from an order overruling appellants' pleas of privilege and relates to Article 1995, §§ 5 and 7, Vernon's Ann.Civ.Stats.

Appellee, Adolph Bracht, sued appellants, F. A. Johnston, Jr., F. A. Johnston, Sr., and the Texas Credit Building Company, Inc., a Texas corporation, in Aransas County. Appellants have appealed from the order of the trial court overruling their pleas of privilege to be sued in Harris County. They urge that the court fell into error because Bracht did not plead nor prove that the obligation sued upon was performable in Aransas County, within Section 5 of Article 1995; that Bracht's pleadings and proof were insufficient to show fraud committed in Aransas County, within Section 7 of Article 1995, and that Bracht failed to prove that F. A. Johnston, Jr., was the agent for F. A. Johnston, Sr., and the Texas Credit Building Company, Inc., within Sections 5 and 7, Article 1995, which proof was essential to a prima facie case against those two defendants. No brief has been filed by appellee, however, appellants' brief discusses the exhibits and evidence in full and we shall consider the unchallenged statements as true. Rule 419 Texas Rules Civil Procedure.

The contract sued upon is short and omitting the portions not here pertinent is as follows:

"Sales Agreement for
Texas Credit Building Company, Inc., or
Delta Surplus Building Company

"April 19, 1949
"30–40 day delivery

"To-Wit:

"We, The Delta Surplus Bldg. Co. City of Corpus Christi, State of Texas, in consideration of $1595.00 hereby agree to sell and deliver to A. L. Bracht Box 505, Address Rockport, Texas, Phone 3341, who agrees to buy an Army Surplus Building, Size 30 x 40. Purchaser certifies that he has read and understands all specifications on the size building he herein has purchased. * * * Specifications of said building purchased are attached hereto. Price does not include delivery to site.

"(Signed) A. L. Bracht     (Signed) F. A. Johnston, Jr.
       "Purchaser          Delta  Surplus  Building
                           Company or
                           Texas  Credit  Building
                           Co., Inc."

Upon the delivery of a check payable to Delta Surplus Building Company or order, a receipt was given Bracht bearing date of April 19, 1949, as follows:

"Received of A. L. Bracht Fifteen hundred ninety-five and no/100 dollars. This is a payment in full on a Surplus Building Size 30 x 40, and constitutes a sale. If for any reason we are unable to make delivery of same money is to be refunded, otherwise no refunds will be made.

                    "Delta Surplus Building Co.
                    "1215 Prarie Avenue
"1595.00            (Signed)  F.  A.  Johnston,
                    Jr."

Later there was some correspondence between Bracht and F. A. Johnston, Jr., who signed his letters in the name of Delta Surplus Building Company, by which Bracht was authorized to change his copy of the contract so it would read that the price did include delivery to the site, which was located in Aransas County. One of these letters showed that the "Home Office" for Delta Surplus Building Company was at 1215 Prairie Avenue, Houston, Texas. The specifications, which were a part of the original contract, were written on paper showing a heading, "Delta Surplus Building Company and Texas Credit Building Company, Incorporated." The address was also shown to be 1215 Prairie Avenue, Houston, Texas. That the defendants were not residents of Aransas County is undisputed. After the expiration of forty days, Bracht, in accord with the provision in his receipt, demanded the refund of his money since no house had been delivered. The money was never returned.

Plaintiff, by his petition, sought to obtain a refund of the money he paid under his contract. He did not sue for damages by reason of the breach of the contract, nor to compel the delivery of the house in Aransas County. He sued to recover the money he paid, and relied upon the receipt as the part of his contract which entitled him to the return. The return of the money was therefore the particular obligation sought to be enforced by the suit, and it becomes immaterial that some other obligation imposed by the written contract is required to be performed in Aransas County. May v. Perkin, Tex.Civ.App., 227 S.W.2d 393; Ammann v. Daniel Oil Co., Tex.Civ.App., 220 S.W.2d 181; Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424; McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217; Hamilton v. Booher, Tex. Civ.App., 124 S.W.2d 184. Since the obligation to return the money was not under the contract required to be performed in Aransas County, Section 5 is considered insufficient to hold the cause there.

By alternative pleadings, however, Bracht charged the defendants with various acts of fraud, under Section 7 of the venue statute. There was no allegation that the alleged fraud was committed in Aransas County.

We have undertaken to ascertain the various representations urged by Bracht as proof of fraud which will hold venue in Aransas County. The evidence showed that F. A. Johnston, Jr., while in Aransas County making the contract, represented that the Texas Credit Building Company, Inc., had ample funds, that it had unlimited resources and had available the entire output of a lumber mill. The testi-

mony showed these representations were made, but there was not a word of evidence showing they were false. There was also proof that F. A. Johnston, Jr., represented himself to be the agent for both Delta Surplus Building Company and Texas Credit Building Company, Inc. This testimony was admitted for the limited purpose of proving fraud. Here also there is a complete failure to show that he misrepresented his agency for those two companies. The evidence further showed that F. A. Johnston, Jr., represented and contracted that he would have the foundation laid and would make delivery of the house within thirty to forty days from the date of the contract. In order for a promise to constitute fraud it is necessary that it be made with the intent at the time not to perform, and with the intent, design and purpose of deceiving. Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472. A failure to perform is not itself evidence of such an intent, but may be a circumstance to be considered along with other facts. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158. The most that this evidence proves is that there was a promise to perform and a failure to perform. This does not constitute fraud.

Appellee, Bracht, was the only witness who testified about these transactions and he never talked with any of the defendants or their representatives other than F. A. Johnston, Jr. His testimony showed that the representations were made, but it fails to prove any of them were false when made, or that they were made in Aransas County. The essential elements of fraud committed in that county were not established.

Inasmuch as there was neither proof of an obligation performable nor of fraud committed in Aransas County, it becomes unnecessary to determine the issues of agency which might bind F. A. Johnston, Sr., and Texas Credit Building Company, Inc.

The order overruling appellants' pleas of privilege is reversed and the cause is ordered transferred to Harris County.