### DE LA TORRE v. CRENSHAW.

No. 12577.

Court of Civil Appeals of Texas. San Antonio.

Nov. 18, 1953.

Rehearing Denied Dec. 30, 1953.

198

Crawford & Crawford, Crystal City, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the District Court of Zavala County, Texas, by Ruth C. de de la Torre against her brother G. C. Crenshaw, seeking, in effect, to recover the title and possession of 640 acres of land lying partly in Zavala County and partly in Dimmit County. Due to some uncertainty as to the exact nature of her cause of action, we set out in part her prayer for relief, reading as follows: " * * * that Defendant be declared to be a Constructive Trustee, for the benefit of this Plaintiff, and that said Deed be in all things cancelled, and the legal title to said property be returned to this Plaintiff; that clouds be removed from Plaintiff's title, and for Judgment against the Defendant for the rents and revenues received by Defendant and converted to his own use, and for interest and cost of suit, and in the alternative Plaintiff prays for damage in the sum of Eighteen Thousand Dollars ($18,000.00) against the Defendant for support and maintenance." The cause was submitted to a jury on special issues and, upon the jury's answers, judgment was rendered in favor of G. C. Crenshaw; from which judgment Ruth C. de de la Torre has prosecuted this appeal.

In 1939, Ruth de de la Torre acquired the 640 acres of land involved herein, which was encumbered to the Federal Land Bank of Houston, Texas, and the Land Bank Commission, to secure a large sum of money. In 1945, appellant got into financial difficulties and the bank was threatening to foreclose. In July, 1945, she conveyed the property to her brother G. C. Crenshaw, appellee herein, for a recited consideration of $1 and his taking the land subject to the indebtedness for which it was encumbered, appellant retaining a vendor's lien until such indebtedness was paid. There was evidence that appellant had been offered the sum of $10,000 cash for her equity in the land before making the conveyance to her brother.

Jackson & Jackson, Crystal City, for appellant.

The jury by their verdict made the following findings of fact, to-wit:

1. Appellee represented to appellant, that it would be to the best interest of appellant to convey said lands to appellee.

2. Such representation was as to a material fact.

3. Such representation was not false at the time it was made.

4. Appellee represented to appellant that she should not accept a cash offer of $10,000 then available to her, for her equity in the land, because such offer was inadequate, and that appellant would realize more from such lands by conveying the same to him.

5. Such representation was as to a material fact.

6. Such representation was not false at the time it was made.

7. Appellant could not have found that such representation was false by the use of reasonable diligence.

8. Appellee did not represent to appellant that if she would convey said land to him, he would care for and maintain her for the remainder of her natural life in circumstances to which she was then accustomed.

9. A relationship of confidence and trust existed between appellant and appellee on or prior to July 23, 1945.

10. Appellant justifiably relied upon such relationship inquired about.

11. Appellant would not have executed the deed if the relationship had not existed.

12. She did not intend to make a gift of her equity in the land to appellee.

13. The reasonable cash market value of the land on July 23, 1945, was $24,640.

14. The reasonable value of the labor performed by appellee on the premises was $2,500.

15. Appellee, either in person or through tenants, had and held peaceable and adverse possession of the land in controversy herein, cultivating, using and enjoying the same for a period of five years after July 23, 1945, and prior to June 19, 1952.

16. Appellee, either in person or through tenants, has had and held peaceable and adverse possession of the land in controversy for a three-year period after July 23, 1945, and prior to June 19, 1952.

The trial court overruled appellant's motion for judgment non obstante veredicto and rendered judgment, based upon the verdict, to the effect that appellant take nothing.

Appellant makes twelve separate points which actually present three points for decision here, to-wit:

1. Did appellee take the 640 acres as a constructive trustee for the benefit of appellant?

2. Whether as a matter of law appellee was guilty of fraud in securing the deed to the 640 acres, and

3. Whether the evidence supports the jury's finding that appellee had held adverse possession of the land for a period of three and five years.

The evidence shows that appellee had never been to Zavala County, nor had he seen the land, before the deed was executed on July 23, 1945. He was living in Dallas and appellant was living on the land, near Crystal City in Zavala County. The negotiations were carried on by correspondence. About the time the deed was executed appellant was behind with her payments to the Federal Land Bank and it was threatening foreclosure. She wrote her brother a letter telling him that she would rather he would have the land than anyone else, and that she would like to convey it to him, if he would meet the past due payments and keep up future payments. She also informed him that she had an offer of $10,000 cash for her equity in the land, but her brother represented to her

that it would be to her best interest to convey the land to him, for a consideration of $1 and his taking the land subject to the indebtedness against it. She executed a deed to her brother, conveying the land to him, but with a provision that he would support her for the remainder of her life in the manner to which she was accustomed. Appellee refused to accept this deed and returned it with the demand that the support provision be eliminated, which was done, and another deed executed and sent to him. This deed was accepted and appellee recorded it in both Zavala and Dimmit Counties. The jury found, in answer to Question No. 3, that this representation was not false at the time it was made. This finding is supported by sufficient evidence. Whether she would be better off if she sold her equity for $10,000 or conveyed the land to her brother and take a chance on what he might do for her in the future would be a matter of opinion as to what might happen in the future. The jury evidently felt that the brother was sincere when he made this statement. He has supported her for a number of years and has given her more than $4,000. He testified that he was supporting her up until shortly before she filed this suit, and that he expected to do so in the future, after this suit was disposed of. Appellant knew at the time she executed the deed that she had the $10,000 offer. She also knew that her brother had refused to accept the deed which contained the agreement to support her for the remainder of her life, and with a full knowledge of all these facts she elected to make the conveyance to her brother. The burden of proof was upon appellant to show that the representation of her brother was not only untrue but that it was false, which is something more than simply untrue. The jury's negative answer to Question No. 3 means nothing more than that appellant had not affirmatively established by the evidence that appellee's statement was false. If there was no false representation made by appellee, there was no fraud committed by him and, therefore, there would be no basis for a constructive trust. Vol. 16, Words and Phrases, False Representation, pp.

167, et seq.; Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Johnston v. Bracht, Tex.Civ.App., 237 S.W.2d 364.

Appellant contends that there should be a constructive trust based upon the theory of unjust enrichment, but we do not agree. After appellee accepted this deed from his sister, he at once paid up all past due installments, amounting to more than $3,000; he supported his sister until shortly before she filed this suit, and he testified that he intends to support her in the future. Appellant is a person who has had business experience and had worked as a legal stenographer. She knew everything at the time she made the deed that she knows now, except the unpleasant experience which she testified she had while living in the home of her brother. No issue as to unjust enrichment was submitted to the jury, and we do not find that such was established conclusively by the evidence. Mills v. Gray, 147 Tex. 33, 210 S.W.2d 985; 54 Am.Jur. 178, § 233.

The jury, in answer to Question No. 35, found that appellee had held possession of the property adversely for more than five years, and in answer to Question No. 36, that he had held adverse possession for more than three years. These answers of the jury were supported by sufficient evidence and would be sufficient to give him title to the 640 acres by limitation. Appellee unquestionably held the land under a recorded deed during this period of time. Appellant was the agreed source of title. It was stipulated that during this period he had paid all taxes before they became delinquent. It is true that appellant occupied the home situated on the 640 acres for some time after the execution of the deed, but the evidence shows that she did so as the tenant of her brother and with his permission. Her testimony disputed these facts, but the jury decided against her upon conflicting testimony.

The court did not err in overruling appellant's motions for an instructed verdict and for judgment non obstante veredicto.

Accordingly, the judgment is affirmed.