**William G. MURRAY et al., Appellants,**

v.

**Andy Everett FRANKLAND, Appellee.**

**No. 13713.**

Court of Civil Appeals of Texas.

Houston.

May 25, 1961.

Guy C. Jackson, III, Anahuac, for appellant, William G. Murray.

De Lange, Hudspeth & Pitman; Eugene J. Pitman, Houston, for appellant, S. B. Moss.

Cain & Cain; Robert S. Tucker, Liberty, for appellee.

COLEMAN, Justice.

This is an appeal from an order overruling a plea of privilege. In the contro-verting plea filed in answer to the plea of privilege of appellants, William G. Murray and S. B. Moss, appellee Andy Everett Frankland asserted two exceptions to exclusive venue in the county of defendants' residence, Subdivisions 14 and 7, Art. 1995, Vernon's Ann.Civ.St. of Texas.

Appellee first says that the suit is one for the recovery of bonus and purchase price of an oil, gas and mineral lease, constituting a suit for the recovery of an interest in land located in Chambers County, Texas. The relief appellee seeks in this suit as set out in his pleadings is the recovery of monetary damages. Venue cannot be sustained by reason of the provisions of Subdivision 14 of Art. 1995, R.C.S. of Texas, 1925, Vernon's Ann.Civ.St. art. 1995, subd. 14. Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Lockett v. Shaw, Tex.Civ. App., 106 S.W.2d 768, and cases therein cited.

Subdivision 7 of Art. 1955, R.C.S. of Texas, 1925, Vernon's Ann.Civ.St. art. 1995, subd. 7, provides that in all cases of fraud, suit may be brought in the county where the fraud was committed. In discussing this subdivision, McDonald, Texas Civil Practice, Vol. 1, § 4.13, says:

"The fraud may be either actual or constructive, but must constitute the gist of the action, and hence venue can not be maintained under this exception when the issues as to the fraud or defalcation are merely incidental to the principal dispute * * *. Three venue facts must be established:

"(I) That the fraud or defalcation did in fact occur. This is not to be determined by reference to the pleadings to ascertain the nature of the suit, but is to be proved by a preponderance of the affirmative extrinsic evidence * * *."

Appellants assert that the gist of the action pled by appellee was specific performance of the contract or damages for the

breach of contract. Generally appellee alleged a cause of action for breach of contract to purchase an oil, gas and mineral lease and a cause of action for exemplary damages for fraud in the procurement of the lease. The petition was not carefully drawn to present allegations to sustain an action on the contract and, in the alternative, allegations to sustain an action sounding in tort based on fraud. We assume, without deciding the question, that the petition is sufficient to bring the cause of action within the subdivision quoted.

The allegations of appellee's petition in regard to fraud are, in substance, that he was part owner of two noncontiguous tracts of land situated in Chambers County, Texas, where he resided. Appellants approached him at his home for the purpose of securing an oil and gas lease on the north tract, but in order to secure such lease falsely represented that they desired to lease both tracts. Appellee agreed to lease both tracts to appellants, but after they secured a signed lease on each of the tracts, appellants refused to pay for the lease on the south tract.

The testimony shows that Moss, one of the appellants, approached appellee with the purpose of leasing the north tract of land. Appellee stated the terms under which he would be willing to lease, including the conditions that appellants take a lease on both the north and south tracts and that he be paid at the time he signed the leases. The next day Moss, in a telephone conversation, agreed to the conditions and subsequently returned to appellee's home with separate leases on each tract, which were prepared for signature of all the owners, the other owners being relatives of appellee. After appellee signed the leases, he was given two bank drafts which he agreed not to present for ten days in order that appellants could have the title checked. Appellants found a "bug" in the title and the time was extended. Later Moss returned with amendments to the leases which appellee signed. Moss then gave appellee new drafts and told him they were good. Within a few days he presented the drafts and one of them was paid, but the other draft was never paid. Appellee would not have leased the north tract if he had known appellants were not going to take and pay for the south tract. Appellants did not tell appellee that anything was wrong with his title to the south tract. The lease was introduced into evidence and showed that some of the blanks prepared for signatures were unsigned, but that several of the joint owners did sign. None of the drafts given to these owners were paid. Appellee couldn't remember whether appellants told him that they would lease the south tract only if they could secure signatures of all the owners, but he remembered that Mr. Moss asked who the other owners were and did say they would like to get all the owners. However, appellee understood that appellants were to lease his interest whether they could get the other interests or not. Appellee was the only witness to testify at the hearing. The leases had a primary term of one year and appellee could have leased his interest in the south tract soon after he signed appellants' lease on the same terms. Appellants returned the lease on the south tract within a few weeks, but appellee never requested a release or reconveyance and one was not executed. Since the lease has expired, appellee has leased the land. Appellee did not seek rescission of either lease.

"In order for a promise to constitute fraud it is necessary that it be made with the intent at the time not to perform, and with the intent, design and purpose of deceiving. Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118; Chicago, T. & M. C. R. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472. A failure to perform is not itself evidence of such an intent, but may be a circumstance to be considered along with other facts. Talley v. Howsley, 142 Tex. 81, 176 S.W.2d 158. The most that this evidence proves is that there was a promise to perform and a failure to

perform. This does not constitute fraud." Johnston et al. v. Bracht, Tex. Civ.App., 237 S.W.2d 364, 366.

See also Manziel et al. v. Williams et al., Tex.Civ.App., 262 S.W.2d 437.

Appellee, in order to maintain venue in Chambers County, had to prove each venue issue by a preponderance of the evidence. Cockburn v. Less, Tex.Civ.App., 257 S.W.2d 470, affirmed Cockburn v. Dixon, 152 Tex. 572, 261 S.W.2d 689. Appellee failed to prove that appellants had no intention of leasing the south tract at the time they agreed to lease it. Since fraud is not established by a preponderance of the evidence, appellants' plea of privilege should have been sustained, and the cause ordered transferred to the District Court of Harris County, Texas.

Reversed and rendered.