Johnnie M. BRYANT, Appellant,

v.

George W. BRUNER, Jr., et al., Appellees.

No. 8725.

Court of Civil Appeals of Texas, Texarkana.

Dec. 18, 1979.

Larry A. Anderson, Crosby, for appellant.

Freddie N. Jackson, Stanley G. Schneider, Doherty, Vela, Poser, Sears & Collins, Houston, for appellees.

RAY, Justice.

This is a usury and real estate fraud case. Appellant (plaintiff), Johnnie M. Bryant, brought suit against appellees (defendants), Mr. and Mrs. George W. Bruner, Jr., as sellers, for fraud under Sec. 27.01, Tex.Bus. & Comm.Code Ann. and for alleged usurious interest charged in an earnest money contract and also in a contract for deed, and Marshall Guillory, real estate agent for the Bruners, for fraud under Sec. 27.01, Tex. Bus. & Comm.Code Ann. The case was tried to the court on August 9, 1977, and judgment was rendered over one year later in favor of all appellees. Appellant requested findings of fact and conclusions of law but none were filed because appellant failed to fully comply with Rule 297, Tex.R. Civ.P. Appellant has perfected her appeal and submits five points of error for our consideration.

The contentions of the appellant are:

1. That the trial court erred in failing to find as a matter of law that the earnest money contract charged usurious interest;

2. That the court erred in failing to find that the contract for deed charged usurious interest;

3. That the court erred in failing to find, as a matter of law, that appellees, jointly and severally, had committed acts in violation of Sec. 27.01, Tex.Bus. & Comm. Code Ann.;

4. That the court erred in failing to award, as a matter of law, damages in the amount allowed by Article 5069–1.06, Tex. Rev.Civ.Stat.Ann., and under Sec. 27.01, Tex.Bus. & Comm.Code Ann.;

5. That the court erred in waiting an unreasonable length of time, from the trial date of August 9, 1977, until September 20, 1978, to render a judgment in this cause.

■ Appellees, Mr. and Mrs. George W. Bruner, Jr., the sellers, failed to file a brief and thus have failed to challenge appellant's statements concerning the evidence. Pursuant to Tex.R.Civ.P. 419, this Court will accept as correct the evidence as related to us by appellant and therefore hold that the Bruners committed an act of fraud in violation of Sec. 27.01, Tex.Bus. & Comm. Code Ann. There is an admission and stipulation by the Bruners that they did not have title to the property in question when they executed a contract for deed which recited that they were the owners in fee simple. Appellant states in her brief that this misrepresentation was made to her for the purpose of inducing her to enter into the contract and that she relied upon that false representation when she attempted to purchase the house and lot in question. The take nothing judgment rendered in favor of the Bruners by the trial court will be reversed and the cause remanded for a new trial. Tex.R.Civ.P. 434.

Appellant Bryant is a divorced woman with four minor children. On May 11, 1976, she executed an earnest money contract for the purchase of a house and lot for $12,-000.00 which provided for the escrowing of $2,000.00, and after closing, the balance of $10,000.00 payable in 120 monthly installments of $150.00 each, including principal, interest, taxes and insurance. This contract was subject to certain repairs and completion work being done to the house. The repairs were to be performed by Appellee Guillory. Guillory was acting as the real estate agent for the sellers. While the contract for deed did not specifically contain any mention of repairs, the parties stipulated at the time of trial that the repairs were to be made. The contract for deed stated that the parties were to have 5 days "to consummate the details of this trade" and if not finished in 5 days the $2,000.00 would be refunded. The contract for deed recites that it was executed on May 17, 1976, though Guillory insists that Appellant Bryant executed the contract for deed on the same day as the earnest money contract or the next day. Guillory also states that the Bruners signed the contract for deed several days later. The check for $2,000.00 shows that it was cashed by Guillory on May 12, 1976, the day following the execution of the earnest money contract. Guillory admits that the money was not put into an escrow account and that the check was cashed before the Bruners signed the contract for deed. Appellant states that she never met or talked to the Bruners and that all negotiations were through Guillory. Bryant testified that Guillory was aware that she needed to move into the house within a very few days. Some time between May 11, 1976, and May 24, 1976, Bryant had a meeting with Guillory in which she related that she had found another house which she could move into immediately. She testified that she met with Guillory to see if she could rescind the contract and get her money back because she claimed no repair work had been started and that she could move into the other house which she had found. Guillory told her that he doubted that she could get out of her deal and gave her assurances that the repair work would be done. Guillory testified that it would have been impossible to have completed the house within 5 days as provided in the contract for deed.

On May 24, 1976, Guillory was contacted by appellant's attorney who informed him that he was not to do any more work until he heard from appellant. Suit was filed on June 30, 1976. It is undisputed that appellant has never made any of the monthly payments on the contract for deed.

■ In determining whether or not Appellee Guillory has been guilty of fraud which would require a reversal of the trial court's judgment, we are required to follow the rule that when the trial court has not

filed findings of fact and conclusions of law, but appellant brings forward a statement of facts, it will be presumed upon appeal that the trial judge found every issuable fact proposition necessary to sustain the judgment, if such fact proposition is raised by the pleading or by trial outside the pleadings by express or implied consent and is supported by the evidence. "The appellate court must affirm the judgment if it can be sustained 'on any reasonable theory supported by the evidence and authorized by law.' . . ." 4 McDonald's, Texas Civil Practice, Sec. 16.10, p. 30; *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1978); *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950).

".  .  . In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' . . ." *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 613 (1950).

■ With these rules in mind, we have reviewed the evidence in the case as it relates to Guillory and cannot say that appellant has proved that Guillory has violated Sec. 27.01 of the Texas Business and Commerce Code Annotated as a matter of law. We think that when the evidence is viewed in the light most favorable to the trial court's judgment, it must reluctantly be affirmed.

This case cries out to be completely reversed and to be properly presented for trial. We think the facts demonstrate that Guillory probably violated Article 6573a, § 15(4)(Y) and (Z), Tex.Rev.Civ.Stat.Ann., subjecting him to civil penalties for failure to escrow the $2,000.00 and for disbursing the money in his custodial care before the sellers signed the contract for deed. Appellee Guillory might also be subject to having his real estate license revoked by the Texas Real Estate Commission for the violations mentioned and others indicated in the record.

We have examined Guillory's failure to put the $2,000.00 in escrow to see if such violates Sec. 27.01 of the Texas Business and Commerce Code Annotated. Guillory's failure to escrow the earnest money as required by the earnest money contract was certainly a false promise to do an act and such promise was material. However, Appellant Bryant did not prove that Guillory made the promise with the intention of not fulfilling it. Guillory's intention was a fact question for determination by the trial court, and under the rules heretofore outlined, it is presumed that the trial court found such fact in favor of Guillory. In *Maulding v. Niemeyer*, 241 S.W.2d 733, 737 (Tex.Civ.App. El Paso 1951, mand. overr.), the court stated:

"As said in *Turner v. Biscoe*, 141 Tex. 197, 171 S.W.2d 118, 119, (Com.App. opinion adopted): 'The governing principles of law are familiar. A person's intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of the fraud is deception as to an existing fact, namely, the state of the promisor's mind. That fact may be established by circumstantial evidence taken in connection with the breach, but cannot be established by the breach alone. The fact of breach, standing alone, does not even raise the issue of lack of intention to perform at the time the covenant was entered into. . . .' "

The court thereafter discusses what circumstantial evidence taken in connection with the breach is sufficient to establish a fraudulent intention to deceive. It was concluded by the court ". . . very slight circumstantial evidence of fraud, when considered with the breach of promise to perform some act in the future, is sufficient to support a finding of fraudulent intent in transactions within the purview of the Statute." 241 S.W.2d at 738. While we think that Guillory had the intention not to

deposit the money in the escrow account because he did not make any pretense of complying with that provision of the earnest money contract related to escrowing the money, we are bound by the trial court's finding to the contrary.

■ Appellant's last point of error was that the trial court erred in waiting approximately thirteen months after trial to render a judgment. It is stated in appellant's brief that the trial court did not have the statement of facts before him to refresh his memory when the judgment was rendered because the statement of facts had not yet been prepared. The Code of Judicial Conduct, Canon 3 A(5), provides the following:

"A judge should dispose promptly of the business of the court."

The record does not reflect the reason for the long delay, but illness of the judge, other physical disability, or extenuating circumstances could have been the cause for the delay. If the thirteen month delay constituted a violation of Canon 3 A(5), supra, this court does not believe that it has the authority to hold that such violation would constitute reversible error, particularly when appellant has shown no injury resulting from the delay. The record is silent as to the reason for the delay and appellant has failed to show that such delay was unreasonable.

Appellant's points of error one and two are not reached and the issue of usury may be fully developed on remand; point of error three is sustained as it relates to the Bruners and is overruled as it relates to Guillory; and points of error four and five are overruled.

The judgment of the trial court in favor of the Bruners is reversed and the cause is remanded for further proceedings. The judgment of the trial court as it relates to Marshall Guillory is affirmed.