**Kent S. FOSTER, Appellant,**

v.

**Robert E. REED, Appellee.**

**No. 8677.**

Court of Appeals of Texas, Beaumont.

Oct. 22, 1981.

Fritz Barnett, Houston, for appellant.

John D. Rienstra, Jr., Beaumont, for appellee.

KEITH, Justice.

Plaintiff appeals from a judgment which did not award to him all of the damages he sought in his suit for breaches of a written contract, for an accounting, and for fraud. Plaintiff was engaged in the practice of law, with defendant being employed as an associate. Plaintiff desired to enter other fields of activity and the parties entered into a written contract whereby defendant assumed the practice and agreed to pay plaintiff a portion of the net fees after payment of expenses of operation.

The jury found that plaintiff's share of such "profits" under the contract was

$2,283.34 and that he had been paid $1,350.00, so that he recovered the difference from defendant along with attorney's fees.

The trial court refused plaintiff's requested issues which would have submitted the question of defendant's intention not to perform which he entertained at the time he signed the contract.[1] The rule governing our review of this cause is that stated in *Henderson v. Travelers Ins. Co.*, 544 S.W.2d 649, 650 (Tex.1976); but, in making application of the rule, the evidence must do more than create a mere surmise or suspicion of the existence of such facts. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 755 (Tex.1970), cited in *Henderson, supra.*

Jo Loftin was a secretary who worked in the law office before and after the execution of the contract and was the notary public who attested to the signatures of the parties to the contract. She quoted defendant as having stated that plaintiff "would never know what came into that office" and "I said, 'How can we make it if Mr. Foster is to get that much?' [and defendant replied] 'Mr. Foster would never know what that office made.' "

We have searched the record diligently but have been unable to find any reference to a specific time when such statement was made. Mrs. Loftin did not fix a time and we have no means of ascertaining that the statement was made before the contract had been signed; and, assuming the absolute truth of Loftin's testimony, the record would support a belief that the incident occurred after the contract had been signed just as easily as that it was made before or simultaneously with the signing thereof.

A promise to do something in the future cannot form the basis of actionable fraud unless it be shown that the promisor, *at the time he made the promise*, had no intention of performing it. *Stanfield v.*

---

1. Requested Issue No. 16 would have submitted to the jury the issue of whether, at the time the contract was entered into, defendant did not intend to perform as he had promised. Requested Issue No. 17 asked if plaintiff relied upon defendant's promises to perform in entering into the contract.

*O'Boyle*, 462 S.W.2d 270, 272 (Tex.1971); *Mumphord v. First Victoria National Bank*, 605 S.W.2d 701, 704 (Tex.Civ.App.—Corpus Christi 1980, no writ).

■ And, as stated in *Yarborough v. Back*, 561 S.W.2d 593, 595 (Tex.Civ.App.—Amarillo 1978, no writ):

> "Of course, the failure to fulfill the promise does not, by itself, even raise the issue of a present intention not to perform. *Turner v. Biscoe*, 141 Tex. 197, 171 S.W.2d 118, 119 (1943). . . ."

As noted in *Turner v. Biscoe*, 141 Tex. 197, 171 S.W.2d 118, 119 (1943), the facts "are wholly void of circumstances indicating that the defendant intentionally deceived and defrauded the plaintiff." Indeed, the jury found that he had paid plaintiff $1,350.00 before suit was filed.

The time defendant's statement was made to Mrs. Loftin was of critical importance and the record simply fails to show with any degree of certainty just when the statement was made. Consequently, under the holding of *Seideneck v. Cal Bayreuther Associates*, supra:

> "[W]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence, and it will not support a verdict or judgment."

The first three points of error are overruled.

In his fourth point of error, plaintiff complains that the trial court erred in excluding his opinion testimony of the value of the law practice at the time the contract was executed. It is apparent from the brief and authorities cited that this contention is based upon his theory of fraud which has been discussed earlier in this opinion. This conclusion is made certain by the cases cited in support of the contention, particularly the quotation from *Wright v. Carpenter*, 579 S.W.2d 575, 578 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ We have already held that the trial court properly refused to submit any issues on the fraud allegation; consequently, no error is shown by the exclusion of testimony going only to the question of damages had the issue been submitted. Point four is overruled.

Finally, plaintiff has a complaint relating to the remittitur required by the trial court. The challenge is that the trial court had no jurisdiction to enter such an order because the amended motion for new trial was overruled by operation of law seventy-five days after the entry of judgment under *Tex.R. Civ.P. 329b(c) (Supp.1981)*, and the order requiring remittitur was entered two days later. Plaintiff has overlooked the provisions of *subsection (e)* of the cited rule giving the trial court plenary power over such judgments "until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law . . . ."

■ Moreover, plaintiff is in no position to complain of the remittitur since defendant did not perfect an appeal from the judgment below. *City National Bank v. Jacksboro National Bank*, 602 S.W.2d 511, 512 (Tex.1980).

The judgment of the trial court is affirmed.