**TEXAS REAL ESTATE COMMISSION,**
**Appellant,**

**v.**

**Helen Marlene HINDE, Appellee.**

**No. 18611.**

Court of Appeals of Texas,
Fort Worth.

Jan. 28, 1982.

**538**

Mark White, Atty. Gen., and Roxanne Caperton, Asst. Atty. Gen., Austin, for appellant.

Kelsey, Wood, Gregory, Duncan & Holt and Richard H. Kelsey, Denton, for appellee.

Before MASSEY, C. J., and HUGHES and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

The judgment appealed from vacates the appellant's prior administrative order which had suspended the appellee's real estate broker licensure privileges.

We affirm.

Appellant asserts that the trial court erroneously concluded that the administrative order was not supported by substantial evidence.

On August 12, 1980, appellee's license was suspended for fifteen days after appellant's administrative hearing of a complaint in which it was alleged that the appellee had induced the sale of a lot by falsely promising to pay part of the cost of its fencing.

Appellee conceded that she had promised to pay any cost exceeding $500.00 to build a six-foot high fence for a distance 100 feet long on the property.

Appellee contended, however, that her promise was further conditioned upon the work being performed by her son.

The purchaser of the lot complained to the appellant that the appellee's promise was unconditional and that it had been relied upon by him.

The purchaser employed someone other than appellee's son to build the fence. The cost was $1,403.15.

Appellee refused to pay any part of the cost, and the lot purchaser complained to the appellant.

At the conclusion of its administrative hearing, appellant concluded that the appellee had violated Tex.Rev.Civ.Stat.Ann. art. 6573a, sec. 15(4)(B), (1981), by making a false promise of a character likely to influence, persuade, or induce a person to enter into a contract, when the appellee could not or did not intend to keep the promise.

The standard by which the trial court and this court are required to review appellant's order is known as the substantial evidence rule.

The Real Estate License Act, art. 6573a, contains no provisions for trial de novo of complaints already heard by the appellant.

■ Judicial review of those administrative decisions therefore is governed by the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, sec. 19(e)(5), (1981) which requires the courts to review the reliable and probative evidence in the record as a whole.

The purpose of such review is to determine whether the administrative order is supported by substantial evidence. If so, the order is reasonable; otherwise it is not. *Southern Canal Co. v. State Board of Water Eng.*, 159 Tex. 227, 318 S.W.2d 619 (1958).

■ The courts may not substitute their judgment for that of the administrative agency as to the weight of evidence on questions committed to the agency's discretion. Article 6252–13a, sec. 19(e).

Our court must determine whether the evidence as a whole is so substantial that reasonable minds considering that evidence could have reached the same conclusions as those of the administrative agency. *Imperial Am. Resources Fund. v. R.R. Com'n. of Tex.*, 557 S.W.2d 280 (Tex.1977).

We have reviewed the evidence as a whole and applied to it the standards of the substantial evidence rule.

■ We believe that there was not substantial evidence that the appellee made a promise that she could not or did not intend to keep.

The evidence taken as a whole reasonably shows the existence of a bona fide dispute as to the extent of the fencing obligation appellee offered to assume.

We are not persuaded that there is substantial evidence that there was a meeting of the minds as to the appellee's role in fencing the lot.

If there was a meeting of the minds, and resulting agreement, appellee's failure to perform her promise could have created a cause of action for breach of contract.

However, ordinary breach of contract does not constitute fraud. *Holloway v. Dannenmaier*, 581 S.W.2d 765 (Tex.Civ.App. —Fort Worth 1979, writ dism'd.); *Foster v. Reed*, 623 S.W.2d 494 (Tex.App.—Beaumont 1981, no writ).

Appellant's first point of error is overruled.

The second point complains of the trial court's failure to file requested findings of fact and conclusions of law.

Such failure is not reversible error, however, unless it deprives appellant of the opportunity to present its case fairly on appeal. *McClendon v. McClendon*, 289 S.W.2d 640 (Tex.Civ.App.—Fort Worth 1956, no writ).

While the trial court's duty was to review all of the evidence in the administrative hearing record, the controlling matter was a question of law. That is, whether or not the record contained substantial evidence to support the administrative order.

The judgment contains the trial court's conclusion of law that the administrative order is not supported by substantial evidence and should be vacated.

The trial court is not required to make findings of fact on evidentiary matters as distinguished from controlling matters. *T-Anchor Corp. v. Travarillo Associates*, 529 S.W.2d 622 (Tex.Civ.App.—Amarillo 1975, no writ).

We conclude that the trial court's failure to file separate findings of fact and conclusions of law did not deprive appellant of the opportunity to present its appeal properly.

Any complaint of the court's failure to file findings of fact and conclusions of law was waived, however, by the appellant's failure to complain in writing within the five days allowed by Tex.R.Civ.P. 297. *Van Dyke v. Van Dyke*, 624 S.W.2d 800 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ).

Appellant's second point of error is overruled.

Judgment of the trial court is affirmed.