Pat REED, Appellant,

v.

FIRST NATIONAL BANK IN DALLAS, Appellee.

No. 05–81–01273–CV.

Court of Appeals of Texas, Dallas.

Nov. 15, 1982.

Rehearing Denied Dec. 21, 1982.

Randall Reed, Dallas, for appellant.

Thomas E. Kurth, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and STEPHENS, JJ.

GUITTARD, Chief Justice.

In this suit on a note and guaranty contract, the trial court rendered summary judgment for the bank and only the guarantor appeals. We affirm on the ground that the summary-judgment proof fails to raise a fact issue on the guarantor's affirmative defenses of lack of consideration, failure of consideration, and fraud.

In response to the Motion for Summary Judgment the guarantor filed an affidavit admitting that he signed the guaranty contract at the request of the bank at the same time that the principal debtor, a corporation, signed a renewal note. The affidavit further avers:

> I executed this Guaranty Agreement at the special instance and request of Gene Feller, Vice President of the First National Bank in Dallas and upon his advice to me that if I would personally guarantee the said debt, that he would open a borrower-lender relationship with me and in order that I might be able to borrow funds personally from this said bank if it were necessary for the furtherance of the business of the corporation when the corporation itself might not be entitled to such additional credit, as for my own use. It was upon this representation and only upon this representation that I agreed to and did sign the Affidavit in question. I received nothing further of any kind or nature for and in consideration of my execution of the said note.

> Shortly after I signed the note, I asked for a loan to put me in a position to make payments on the $34,000.00 note above referenced. I was going to borrow approximately $15,000.00 and to pay $7,500.00 on that note. I was unable to get Mr. Feller to give me any advice concerning my application for this loan, and a couple of weeks went by and he then told me that the Loan Committee would not approve my credit and that I would not be able to borrow any funds at that bank even though I had not made a specific application for any given loan amount. I am clearly of the opinion that Mr. Feller misled me into signing this note and I do not believe that he at any time ever intended to open such a borrower-lender relationship between the bank and myself individually. I feel that I was duped and that just as soon as they got my name as guarantor on the corpo-

rate indebtedness that they then set out to hold me personally responsible, and when they, in the first instance, never intended to extend me any credit as above alleged.

■ We hold that this affidavit fails to raise the defense of no consideration because extension of further credit to the corporation, and acceptance of a renewal note was a sufficient consideration, regardless of whether the guarantor received any benefit. *See Bonner Oil Co. v. Gaines,* 108 Tex. 232, 191 S.W. 552, 553 (1917); *Cortez v. National Bank of Commerce of Brownsville,* 578 S.W.2d 476 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

■ Neither does it raise failure of consideration because if the bank failed to grant further loans, as promised, such a failure would be partial only and would not discharge the guarantor's liability. *Wardlow v. Edwards,* 251 S.W. 251 (Tex.Civ.App. —Texarkana 1923, writ dism'd).

■ The affidavit is insufficient also with respect to the allegation of fraud. Failure to perform a promise is not fraud unless the promissor had no intention to perform at the time the promise was made. *Turner v. Biscoe,* 141 Tex. 197, 171 S.W.2d 118, 119 (1943); *Underwood v. Williams,* 488 S.W.2d 515, 518 (Tex.Civ.App.—Fort Worth 1972, no writ); *Murray v. Frankland,* 347 S.W.2d 374, 376 (Tex.Civ.App.— Houston 1961, no writ). Although the guarantor states in his affidavit that he does not believe that the bank intended to open a borrower-lender relationship with him and that he was "duped," his opinion concerning the bank's intention does not provide summary-judgment evidence of fraud. *Crain v. Davis,* 417 S.W.2d 53, 55 (Tex.1967); *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605 (Tex.Civ.App.—Corpus Christi 1980, no writ); Tex.R.Civ.P. 166–A. Consequently, the summary judgment was proper.

Affirmed.