**HADDAWAY v. SMITH et al.    (No. 2216.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 28, 1923. Rehearing Denied Jan. 2, 1924.)

**1. Fraud ⟨⟩12—Promise without intention to perform may be actionable.**

The making of a promise with the intention to disregard it and for the purpose of deceiving and defrauding the other party constitutes a basis of an action of fraud and deceit.

**2. Fraud ⟨⟩32—Promise by vendor with intent to deceive and to cause forfeiture of contract held actionable as fraud on broker.**

Where land sale contract provided for further payments in T. county before closing of sale, and vendor with intent to deceive, and without intending to do so, stated that he would come to L. county and receive such payments and there deliver deed to purchasers, and by reason of relying on such promise the further payments were not made as stipulated, the vendor forfeiting the contract, such fraud directly affected both purchasers and brokers, and brokers could sue either for breach of contract or for fraud and deceit.

**3. Venue ⟨⟩8—Petition held sufficient to sustain action either for breach of contract or fraud.**

Brokers' petition, alleging sale of lands by defendant residing in T. county, that the contract provided that further payments, necessary before closing sale, be made in T. county, that thereafter, in L. county, with intent to deceive, he agreed to accept payment in L. county and deliver deed there, that such representation was false and made for the purpose of defrauding brokers and purchasers, and that because of reliance on such promise the stipulated payments were not made and the contract was forfeited, *held* to sustain judgment based on either breach of contract or fraud, and broker's action therefor was within exception of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, providing that suits for fraud may be brought in the county where committed.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Action by Morton J. Smith and another against Rochester Haddaway. From judgment overruling his plea of privilege, defendant appeals. Affirmed.

R. A. Sowder, of Lubbock, and McLean, Scott & McLean, of Fort Worth, for appellant.

G. E. Lockhart, of Tahoka, for appellees.

HALL, C. J. The appellees, a firm of brokers, sued appellant in the district court of Lubbock county, alleging that appellant resided in Tarrant county; that he had listed certain real estate, which he owned in Bailey county, with them for sale, agreeing to pay them a commission of 7½ per cent. on $30 per acre, for selling said land or securing a purchaser for same. They allege that they sold parts of said land to certain purchasers residing in Lubbock county; that the purchasers entered into a contract with appellant in virtue of which they were to acquire title to said land by cash payments made at the time the contracts were executed, and further payments to be made on the 1st day of January, 1921. The contracts stipulate that if said payments are not made on the 1st day of January, 1921, the contracts shall become null and void, and all payments theretofore made are forfeited to the said Rochester Haddaway. The plaintiffs further allege that Haddaway "formed a scheme in his mind to defeat the purchasers of said property out of the cash payments they had made thereon and to defeat these plaintiffs out of commissions they had earned by reason of the sale of said land; that the defendant in Lubbock county, Tex., for the purpose of carrying out his scheme to defraud, cheat, and wrong these said purchasers, and to defeat the plaintiffs out of the commission they had earned, falsely and fraudulently represented to these plaintiffs and to each and all of said purchasers that while said contract provided that payments were to be made in Fort Worth, Tarrant county, Tex., that he (Rochester Haddaway) would come to Lubbock on the 1st day of January, 1921, and would accept payment on said contracts at Lubbock, Tex., and deliver said deed to said purchasers and pay plaintiffs their commission at Lubbock, Tex.; that said representations were false and fraudulent and were made for the sole and only purpose of defrauding the plaintiffs out of their commissions and defrauding the parties to said contracts out of the cash payments that they had made; that the said Haddaway had no intention of coming to Lubbock to close said contracts, as he promised and agreed to do and induced these plaintiffs and the purchasers of said lands to believe and rely on his statement that he would come to Lubbock and close said contracts in Lubbock county, Tex., and accept the money on said contracts there instead of at Fort Worth, Tarrant county, Tex., and that these plaintiffs believing and relying upon the statements so made by Haddaway in Lubbock county, Tex., made no effort to have said purchasers comply with said contract by paying the money due thereon in Fort Worth, Tarrant county, Tex.; that Haddaway promised plaintiffs and the purchasers under said contracts that he would be in Lubbock, Lubbock county, Tex., on the 1st day of January, 1921, to receive the second cash payment on said land and to deliver said purchasers deeds therefor; that in furtherance of his scheme to cheat, wrong, and defraud said purchasers, and without any notice to either the purchasers or these plaintiffs, he terminated and forfeited said contracts on the 1st day of January, 1921, because the purchasers

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of said land failed to comply with said contracts by paying the second installment of purchase money under said contracts at Fort Worth, Tarrant county, Tex. Haddaway filed his plea of privilege to be sued in the county of his residence. Plaintiffs replied by a controverting affidavit making substantially the same allegations as are contained in the original petition, and further alleged:

"That by reason of said false and fraudulent representations, made by Haddaway to plaintiffs, that plaintiffs' cause of action accrued by reason thereof and on account of false and fraudulent representations made by the defendant to the plaintiff and said purchasers in Lubbock, and if it had not been for the promises so made by defendants said contracts would have been performed, said money would have been paid at Fort Worth and deeds delivered as provided in said contracts."

The issues raised by the plea of privilege and controverting affidavit were heard by the court and overruled.

The case is submitted here upon assignments and propositions in which it is contended in substance that the controverting affidavit did not distinctly and directly show that any exception existed to the rule requiring the appellees to sue in Tarrant county; and further failed to show any reason why the case came under the exception of fraud; that it was not shown that defendant committed any fraud in Lubbock county relative to the commission due plaintiffs; that plaintiffs having declared upon a contract to pay commissions alleged to be due because their principal failed to complete a sale of land, being an ordinary action for debt rather than an action for damages through fraudulent conduct toward the agent, the exception as defined by Vernon's Sayles' Civ. St. art. 1830–7 did not reply.

[1-3] Subdivision 7 of article 1830, Vernon's Sayles' Civ. St., provides that in all cases of fraud suits may be instituted in the county in which the fraud was committed. The question then is: 'Was the promise of Haddaway to be in Lubbock on January 1, 1921, and there close the deals and pay appellees their commissions, if made with the then intent to future breach, actionable fraud? In Chicago, Texas & Mexican Central Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 473, 31 Am. St. Rep. 39, the Supreme Court held that the promise of the railway company to maintain a depot on land granted to it, as part of the consideration for the deed, but with no intention at the time of performing the promise, constituted actionable fraud, entitling the grantor in the deed to rescind upon the failure of the company to fulfill its promise. The rule is well established in Texas that if, at the time the promise was made, it was the intention of the party making it to disregard it, and that he had no intention at the time of making it to perform it, but made it to deceive and defraud the other party, this would be a basis for an action of fraud and deceit. Railway Co. v. Smith, 98 Tex. 553, 86 S. W. 322; Insurance Co. v. Seidel, 52 Tex. Civ. App. 278, 113 S. W. 945; May v. Cearley (Tex. Civ. App.) 138 S. W. 165; Chambers v. Wyatt (Tex. Civ. App.) 151 S. W. 864; Ferrell v. Millican (Tex. Civ. App.) 156 S. W. 230; Ross v. Cleveland & Sons (Tex. Civ. App.) 133 S. W. 315. "It is not necessary that fraudulent representations should have induced plaintiff to do some positive act, but if they induced him to refrain from doing something which he otherwise would have done, and he thus has suffered a loss, it is sufficient to sustain a recovery for fraud. Thus recovery may be had for fraudulent representations inducing plaintiff to forbear the enforcement of some legal right, such as the right to rescind a contract or to perfect an inchoate lien, or where plaintiff is induced to bear the commencement of an action until it has been barred by the statute of limitations. Obviously redress may be had where complainant has been induced by fraud to take positive action resulting in the abandonment of his legal rights, as where a creditor is induced to compromise a claim, abandon an attachment, release a levy or sign a release, and the fact that the creditor acted from benevolence and not from self-interest, is immaterial." 26 C. J. p. 1173. Appellees would not have been entitled to their commissions if the contracts between Haddaway and his purchasers were forfeited, and the fraud, therefore, directly affected both the purchasers and the brokers. Appellees could sue, either for a breach of the contract or for fraud and deceit. Haddaway v. Burford (Tex. Civ. App.) 239 S. W. 625. The allegations of the petition are sufficient to sustain a judgment based upon either cause of action. We believe the case made by the pleadings and the evidence bring it within exception No. 7 to the above-mentioned article.

The judgment is therefore affirmed.