## WHITCOMB v. MOODY et al.
### No. 1181.

Court of Civil Appeals of Texas. Waco.

March 31, 1932.

Rehearing Denied May 12, 1932.

F. B. Kimbell, A. M. Blackmon, and Reed & Cannon, all of Groesbeck, for appellant.

L. W. Shepperd and B. D. Shepperd, C. S. Bradley, and J. E. Bradley, all of Groesbeck, for appellees.

ALEXANDER, J.

Mrs. Whitcomb brought this suit against Moody and others to cancel a deed executed by her to defendant Moody, by which she conveyed to him a lot in the city of Groesbeck. In the alternative she sought damages. She alleged fraud in the procurement of the deed. The court sustained a general demurrer to the petition, and the plaintiff appealed. We must therefore determine whether or not the petition stated a cause of action.

The plaintiff alleged that she was formerly the owner of all of a certain block of land in the city of Groesbeck known as "Whitcomb's Place" located in the residential district of said city; that the land was subdivided into town lots and was suitable for residential purposes; that some of the lots had been sold and substantial residences erected thereon; and that plaintiff still owned a number of lots in said block. Plaintiff further alleged that at the time she conveyed the lot in question to the defendant he falsely and fraudulently represented to her that he intended to use said lot for the purpose of erecting a home or residence thereon for himself, and that plaintiff would not have conveyed the land to him but for said representation; that in truth and in fact the defendant did not then intend to so use said property for residential purposes, but actually intended to use the same for the purpose of erecting a business house thereon and is now engaged in erecting a hamburger joint on the lot. The plaintiff alleged that the erection of a business house or hamburger stand on the lot will materially destroy the value of her other lots in said block.

We understand the rule to be that, where a party procures the making of a contract by means of a false representation as to a material existing fact, and such representation actually induces the other party to enter into the agreement, and injury results thereby, the contract may be canceled or set aside on account of such fraud. It has been said that the state of a man's mind is as much a state of facts as the state of his digestion. A misrepresentation as to a party's then intention or as to the present state of his mind is as much a misrepresentation of an existing fact as would be a misrepresentation of any other existing fact, and if by means of such misrepresentation a party is induced to execute a deed to land which he would not have otherwise executed, and is injured thereby, he is entitled to have the deed cancelled.

Black on Rescission and Cancellation, volume 1, page 234, states the rule as follows: "Where one induces another to sell land to him or to give him a lease of premises, on the representation that he means to devote it to a certain use, whereas he has the secret intention to put it to an entirely different use, and one which is so inconvenient or detrimental to the grantor that he would not have made the bargain if he had known the truth, this is not regarded as a mere promise of future action, but as a statement of a material existing fact (the party's present intention) which will warrant the rescission of the contract. This rule is applied for instance, in cases where one sells a lot adjoining his own residence on the buyer's statement that he intends to erect a dwelling on it, whereas he really intends, and begins to erect a manufacturing plant on it, or a garage."

This doctrine was approved by our Supreme Court in the following language: "If the railway company, at the time it made the representations and promises before mentioned to the plaintiffs, did so with the design of cheating and deceiving the plaintiffs, and had no intention at the time of performing the promises, but used them merely as false pretensions to induce the plaintiffs to execute the deed, and if its conduct did have that effect, then we think that such acts and declarations, coupled with its subsequent utter failure and refusal to perform the promises or assurances, would amount to such actual fraud as would authorize the plaintiffs to have the contract rescinded and the land restored to them." Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S. W. 472, 474, 31 Am. St. Rep. 39. See, also, Rapid Transit Ry. Co. v. Smith, 98 Tex. 553, 86 S. W. 322; Cearley v. May, 106 Tex. 442, 167 S. W. 725, par. 1; Edward Thompson Co. v. Sawyers, 111 Tex. 378, 234 S. W. 873, par. 2; Haddaway v. Smith (Tex. Civ. App.) 256 S. W. 965, par. 1; 26 C. J. 1093; 12 R. C. L. 259, § 26; 7 Tex. Jur. 910, § 19.

The defendants contend that the plaintiff's petition failed to state a cause of action because the alleged fraudulent representations on the part of the defendant amounted to a promise not to use the property in the future for business purposes and was an attempt to create an easement in real property by parol and was therefore in violation of the statutes of fraud. In this the defendants either misconceive the effect of the allegations in plaintiff's petition or fail to distinguish the difference between the effect of fraud in the procurement of a contract on the one hand, and a breach of a promissory warranty on the other. The plaintiff's petition does not assert a valid contract between the parties by which the defendant agreed not to use the property for business purposes, and seek to cancel the contract or to recover damages for a breach of the covenants made by the defendant. The petition asserts that there never was any valid contract between the parties because of the fact that the plaintiff was caused to enter into the contract by reason of fraud perpetrated by the defendant. The question of fraud in its procurement goes to the very root of the contract. The fact that it pertained to land or was in writing, and did not embody the false representations of the defendant, does not enter into the case. Fraud vitiates all contracts, and it is immaterial whether the contract procured thereby is in writing or pertains to land. If in this case the defendant fraudulently represented that he then intended to use the property being purchased for the purpose of erecting a home thereon, but in truth and in fact did not then so intend, but then intended to use it for business purposes, his representation was a misstatement of a then existing fact and would form the basis of

fraud authorizing a cancellation of the contract. On the other hand, if his representation was true, and he then so intended to use the property for residential purposes, but afterwards changed his mind and concluded to use the property for other purposes, plaintiff would not be entitled to a cancellation of the deed. Whether or not the defendant made such representations, and what was the state of his mind at that time, will be questions of fact for the jury to determine. The plaintiff's petition in this case meets all of the requirements of the above rule, and therefore states a cause of action.

The judgment of the trial court is reversed, and the cause remanded for a new trial.