## PEACHTREE OIL CO. et al. v. SHORTER.
### No. 5315.

Court of Civil Appeals of Texas. Texarkana.

May 11, 1939.

Tom L. Beauchamp and Ralph C. Street, both of Tyler, for appellants.

Ed Yarbrough, of Henderson, for appellee.

JOHNSON, Chief Justice.

This suit was filed by Neal Shorter against Peachtree Oil Company, Frankston Oil Company, and the Bagdad Production Company, private corporations, seeking (1) to set aside a release executed by plaintiff acquitting defendants of liability for personal injuries sustained by plaintiff while working for defendants; and (2) to recover damages for such injuries, alleged to have been sustained as the result of negligence on the part of defendants. Trial to a jury upon special issues resulted in a verdict and judgment for plaintiff. From an order overruling their motion for new trial defendants have appealed.

The fraud alleged as grounds for setting aside said release was, in substance, that appellants had represented, promised and agreed that if appellee would sign the release appellants would give him employment for life; that appellee believed and relied upon same, and was thereby induced to execute the release; that such representation, promise and agreement of appellants was made with no intention of being performed, and that appellee was discharged shortly after signing the release. In substance, the jury found the alleged facts to be true, except that no issue was submitted to the jury inquiring as to whether appellants at the time of making said promise of future employment did so with the intention of not performing same; appellants' first and second assignments complain of failure to submit such an issue to the jury. The contention is sustained.

"It is the settled law of this state that if the agent of the companies, as an inducement to procure the execution of the release, promised the plaintiff, and induced him to believe, that if he would execute the release he would get employment from the company as a switchman, and if such promise was not made in good faith, that is to say, if said claim agent had no intention of giving him such employment, then the release was voidable and subject to be set aside for fraud." Texas & N. O. Ry. Co. v. Thompson, Tex.Com.App., 12 S.W. 2d 963, 964.

The bad faith—intention at the time it was made not to perform the promise of future employment—is essential to consti-

tute fraud. 20 T.J. 31, Sec. 16. Such intention is a matter peculiarly within the province of the jury, to be determined by them from all the facts and circumstances as any other fact questioned. Tatum v. Orange & N. W. Ry. Co., Tex.Com.App., 245 S.W. 231; Chicago, T. & M. C. Ry. Co. v. Titterington, 84 Tex. 218, 19 S.W. 472, 31 Am.St.Rep. 39.

Error is assigned with respect to certain statements made by the attorney for appellee in his closing argument to the jury. The argument complained of was improper, and we assume that it will not occur on another trial.

We have reviewed the remaining assignments of error and the propositions presented by appellants and they are respectfully overruled.

The judgment is reversed and the cause remanded.