MANZIEL et al. v. WILLIAMS et al.

No. 6654.

Court of Civil Appeals of Texas,

Texarkana.

Nov. 12, 1953.

Rehearing Denied Dec. 3, 1953.

Chilcote & Clark, Tyler, for appellants.

Gordon R. Wellborn, Rex Houston, Henderson, for appellees.

LINCOLN, Justice.

This is an appeal from an order of the District Court of Rusk County, overruling pleas of privilege filed by the appellants, who reside in Smith County, Texas. On October 17, 1951, the appellee J. M. Williams and the appellant Bobby Manziel entered into a contract for the sale or assignment of an oil and gas lease on 750 acres of land in Cherokee County, Texas. The leasehold interest in the land at that time was standing in the name of appellee Williams, although it was in fact jointly owned by him and appellee Prior. Walker executed the contract for and on behalf of appellant Manziel with full authority to do so. Two days later, October 19, Manziel informed Prior that he would not abide by the contract. Morton Taylor was the authorized attorney of Manziel and had authority to pass on the transactions and the title. About "twelve or fifteen days" after date of the contract, Taylor turned the abstract and papers back to Prior with the statement that Manziel was not going to abide by the contract, but would not return the contract without a release from Prior and Williams, which they declined to give. Both Manziel and Walker, his agent, testified that they knew at the time the contract was entered into that Manziel would not carry it out unless he could also secure a lease or an assignment on an additional 20 acres, the description of which the record does not show. The contract of October 17 does not refer in any manner to an additional 20 acres, nor does it carry any obligation that Williams and Prior must produce a lease on the additional 20 acres, and is not in any manner conditioned upon Manziel and Williams obtaining a lease or assignment on said 20 acres.

In view of the foregoing facts, the appellees brought suit against the appellants Manziel and Walker to recover damages based upon the alleged fraudulent intent of the appellants not to be bound by nor to carry out the contract at the time it was executed. After a hearing on appellants' pleas of privilege and controverting affidavits of the appellees, the pleas were overruled.

■ "According to the weight of authority, the state of mind of a person making a representation is an existing fact, susceptible of actionable misrepresentation; so, redress may be had * * * for an unfulfilled promise to perform in the future made with the undisclosed intention not to perform, or without the intention to perform, and for the purpose of inducing action." 37 C.J.S., Fraud, § 12, page 237. See also 51 A.L.R., page 63.

The decisions of Texas are in accord with the foregoing. In Edward Thompson Co. v. Sawyers, 111 Tex. 374, 378, 234 S.W. 873, 874, Judge Greenwood said: "Promises made without intention of fulfillment in order to induce others to' make contracts, are as culpable and as harmful as are willful misrepresentations of existing facts. Hence contracts may be avoided alike for such fraudulent promises and for such misrepresentations."

In 20 Tex.Jur., p. 33, is the following statement: "In order for a promise to constitute fraud it is necessary that it should have been made with the intent at the time that it would not be performed, and with the intention, design and purpose of deceiving. In other words, a promise made with a preconceived intention not to perform may amount to actionable fraud if the misrepresentation is material and is relied on by the other party to his injury." Numerous cases are cited in support of the foregoing, among them Russell v. Industrial Transp. Co., 113 Tex. 441, 251 S.W. 1034, 1037, 258 S.W. 462, 51 A.L.R. 1, a leading case. See Hill v. Thomas, Tex.Civ.App., 140 S.W.2d 875, w/d, c.j.; Wright v. Couch, Tex.Civ.App., 54 S.W.2d 207.

In Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119, Judge Hickman of the Commission of Appeals said: "The governing principles of law are familiar. A person's intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of the fraud is deception as to an existing fact, namely, the state of the promisor's mind. That fact may be established by circumstantial evidence taken in connection with the breach, but cannot be established by the breach alone."

■ The plaintiffs' petition in this case shows the nature of the suit to be for damages for fraud based upon an intention at the time of the signing of the contract that appellants would not be bound by it. Of course, mere failure to perform is not of itself evidence of intent not to do so at the time the promise or contract was made. Intent of mind is a fact question to be determined from all the facts and circumstances in evidence. It is a matter peculiarly within the province of the trier of facts, in this case the district judge. Peachtree Oil Co. v. Shorter, Tex.Civ.App., 129 S.W. 2d 391.

■ Appellants take the position that such intent was not shown because they testified that the appellees knew that they would not carry out the contract unless they could get the 20 acres additional. Appellees denied this. Without commenting as to whether such testimony varied the terms of the written agreement, it could only go in defense of the suit on its merits if admissible. The proof is clear and positive here that the contract was so executed, was definite in its nature, called for performance, and that the appellants had no intention of carrying it out as written. The trial court in passing upon the facts concluded that sufficient evidence was before him to establish a prima facie case of ac-

tionable fraud. We think the evidence is sufficient to prove all elements of such action. By virtue of Article 1995, § 7, Vernon's Ann.Civ.St., suit may be brought in the county where the fraud was committed. The evidence shows without controversy that the contract was signed in Rusk County, the action for fraud arose in that county, and venue lies there. Clark, "Venue in Civil Actions," pp. 52, 54. Appellants' points of error are overruled and judgment of the district court is affirmed.