John PULCHNY, Jr., Appellant,

v.

John PULCHNY et ux., Appellees.

No. 1203.

Court of Civil Appeals of Texas,
Corpus Christi.

Aug. 31, 1977.

Wm. DeWitt Alsup, Alsup & Alsup, Corpus Christi, for appellant.

Menton Murray, Jr., Harlingen, for appellees.

## OPINION

BISSETT, Justice.

John Pulchny, Sr., and his wife, Agnes Pulchny, brought suit against John Pulchny, Jr., their son, in the 197th District Court of Cameron County, Texas, to cancel a deed of conveyance. The case was tried to the court without the intervention of a jury. After hearing the evidence, the trial court rendered judgment which set aside and canceled the deed. John Pulchny, Jr., the defendant, has appealed.

Appellees, at the time of the transactions involved herein were in their 90's, and had resided for many years in and around Santa Rosa, Cameron County, Texas. John Pulchny, Sr., died while the appeal in this case was pending. During the month of July, 1975, appellant requested that appellees, who were in poor health, come to live with him at his home in Corpus Christi. John Pulchny, Sr., testified that after arriving at appellant's home in Corpus Christi that appellant proposed an arrangement whereby appellant agreed to keep appellees in his home during the remainder of their lifetimes in return for a deed to a 20-acre tract of land, which was located in Cameron County, Texas. Appellant testified that following their arrival in Corpus Christi, that appellees insisted upon making arrangements for their own care, and that they voluntarily agreed to deed the real estate in question to him in exchange for his agreement to provide a place in his home for them to live for the remainder of their lives, and that he then did so promise.

Appellant further testified that all parties then went to an attorney's office and advised the attorney of the nature of their agreement; whereupon, a deed, absolute in form and substance, was drafted. Appellees executed the deed in question to appellant and delivered it to him on that date.

The arrangement did not work out. The explanation given by the opposing parties for the failure is sharply disputed. John Pulchny, Sr., testified that in September 1975, after about a month in appellant's home, appellant told Agnes Pulchny "Get out, the last day for you in my house"; that she was taken to a nursing home in Corpus Christi; that he then requested that he be taken to the nursing home to be with her; that appellees remained in the nursing home until January, 1976, whereupon he requested that appellant return him to their home in Santa Rosa; that appellant packed up appellees' things and returned them to Santa Rosa; that at no time after September, 1975, did appellant request or invite them to his home or indicate that they were welcome there; and, finally that they did not thereafter reside with appellant. According to appellant, it became apparent that since Mrs. Agnes Pulchny would require constant medication and would need constant medical attention that she ought to be put in a nursing home, which was the proper place to see that these things were done, and, that upon the advice of a physician, appellant decided Mrs. Pulchny should be placed in the nursing home in Corpus Christi. He also stated that John Pulchny, Sr., even though in good health and comfortable in appellant's home, voluntarily made the decision to live in the nursing home with his wife rather than to stay with appellant. Appellant further testified that subsequently, on or about October 28, 1975 and October 31, 1975, eye surgery was performed upon Mrs. Agnes Pulchny in Corpus Christi, Texas, and appellant and his wife were constantly at her side and assisted in every way possible in her recuperation.

Thereafter, appellees demanded that the property be conveyed back to them, and when this was not done, suit was instituted to cancel said deed. The trial court filed the following findings of fact:

"1. On the 26th day of August, 1975, Plaintiffs JOHN PULCHNY and

wife AGNES PULCHNY conveyed the subject property to Defendant.

2. Prior to August 26, 1975, Defendant promised to take care of Plaintiffs in Defendant's home for the rest of their natural lives in return for the conveyance by Plaintiffs to Defendant of the subject property.

3. On August 26, 1975, at the time of the conveyance of the subject property, Defendant had no present intention to perform his portion of the bargain to care for Plaintiffs in the Defendant's home for the rest of their lives."

The trial court concluded that appellant, at the time he promised to take care of appellees in his home, "had no present intention to perform the promise"; that his "present intent not to perform was actionable fraud," and that he breached his contract with appellees. It was further concluded that "cancellation of the deed is a proper remedy available to the plaintiff."

Appellant, in ten points of error, attacks the findings of fact and conclusions of law. In summary, appellant contends that there is "no evidence" to support the findings; that the evidence is factually insufficient to support the findings; that the findings are so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust; and that the trial court erred in concluding that appellees were entitled to a cancellation of the deed. None of the points have any merit.

This case involves the conveyance of real property by very elderly parents to their son in exchange for his promise to care for them for the remainder of their lives in his residence. The son did not care for them for the remainder of their lives nor did he offer to reconvey the property to them.

■ Appellant complains of the trial court's finding that appellant had no present intention to perform his contract at the time of the conveyance. He does not contend that the other elements of fraud are lacking in the transaction. A promise to do an act in the future may form the basis for an action in fraud when it is made

with the intention, design and purpose of deceiving, and with no intention of performing it. *Turner v. Biscoe*, 141 Tex. 197, 171 S.W.2d 118, 119 (Tex.Comm'n App.1943, opinion adopted).

■ While the failure to perform, standing alone, will not establish the issue of fraudulent intent at the time of the making of the promise, it is, nevertheless, a circumstance to be considered with other facts in determining the issue. *Chicago, T. & M. C. Ry. Co. v. Titterington*, 84 Tex. 218, 19 S.W. 472, 474 (1892); *King v. Wise*, 282 S.W. 570, 573 (Tex.Comm'n App.1926, judgment adopted). The intent to defraud is usually established by circumstantial evidence since in most instances it is not susceptible of direct proof. As noted in 37 Am.Jur.2d, Fraud and Deceit, § 477 (1968):

". . . Hidden purposes of the mind are ordinarily discoverable only by an investigation of circumstances surrounding the act involved. . . ."

■ The intent not to perform the promise at the time it is made may be shown by circumstantial evidence including the acts and declarations of the person in securing the contract, as well as his subsequent conduct with respect to refusing to carry out his promise. *Chicago, T. & M. C. Ry. Co. v. Titterington* (supra); *Tatum v. Orange & N. W. Ry. Co.*, 245 S.W. 231, 232 (Tex.Comm'n App.1922, holding approved); *Blanton v. Sherman Compress Co.*, 256 S.W.2d 884, 888 (Tex.Civ.App.—Dallas 1953, no writ). In order to decide whether a contract was procured by fraud, a court may properly consider the transaction as a whole, including the nature of the transaction, the extent of consideration, the relationship and interests of the parties, the respective ages of the parties, the extent of defendant's efforts to perform, and all other relevant circumstances. 37 C.J.S. Fraud § 119 (1943).

■ There is testimony that Agnes Pulchny was treated rudely during her stay with her son. There is testimony which negates any suggestion that appellees departed his residence voluntarily. There is

evidence that appellees were coerced to leave the home of appellant. Both appellees testified that they were not invited back. The period of care extended to appellees by appellant was approximately one month, during which and prior thereto, appellant received numerous additional benefits from his parents, such as payments for the medical care his parents were receiving, a gift of $3,000 from them, and a loan for the purchase of an automobile. There is abundant circumstantial evidence that appellant's motive was inconsistent with an honest purpose. Intent is peculiarly a question for the trier of facts. *Manziel v. Williams*, 262 S.W.2d 437, 438 (Tex.Civ.App.—Texarkana 1953, no writ); *Mack v. Bradford*, 359 S.W.2d 941, 943 (Tex.Civ.App.—El Paso 1962, writ dism'd); *Hancock v. Blumentritt*, 269 S.W. 177, 179 (Tex.Civ.App.—Austin 1925, no writ); 26 Tex.Jur.2d, Fraud, § 144 (1961).

The evidence is sufficient to support the finding by the trial judge that at the time of the conveyance in question appellant did not intend to perform his part of the bargain, which was to care for the appellees in his home for the rest of their lives. The fact that appellant did not perform his promise, when taken in conjunction with the other circumstances presented by the record, constitutes sufficient proof of fraudulent intent to acquire the 20 acre tract of land.

Appellant further complains of the findings by the trial court that certain events transpired on August 26, 1975. We agree that there is no evidence in the record that anything pertinent to this lawsuit occurred on that particular day other than the deed in question was recorded on that date. The parties stipulated in open court that the deed was executed and acknowledged on August 18, 1975. The deed itself shows that its correct date is August 18, 1975. The recital in the findings of fact that the date of the deed in question was "August 26, 1975" was apparently made through inadvertence. Appellant did not file any objections to the findings made by the trial judge. The error which was made is not such an error that warrants a reversal of the trial court's judgment. *Newman v. Newman*, 195 S.W.2d 393, 398 (Tex.Civ.App.—San Antonio, aff'd, 145 Tex. 433, 198 S.W.2d 91, 1946).

We hold that there is ample evidence to sustain all of the material findings of fact and conclusions of law made by the trial judge. The inadvertent use of the date "August 26, 1975" instead of "August 18, 1975" in the findings is insufficient to warrant a reversal in this case. Points 1 through 8 are overruled.

Appellant also contends in point 9 that the judgment of the trial court should be reversed and the cause remanded for the reason that cancellation of the deed is not the proper remedy which was available to appellees. We disagree. Cancellation of the deed is a proper remedy where the conveyance is induced by fraud. *Whitcomb v. Moody*, 49 S.W.2d 513, 514-5 (Tex.Civ.App.—Waco 1932, writ ref'd); *Rumfield v. Rumfield*, 324 S.W.2d 304, 306 (Tex.Civ.App.—Amarillo, 1959, writ ref'd n. r. e.). Point 9 is overruled.

Finally, appellant asserts in point 10 that there is no evidence that the deed in question was executed on July 24, 1975 (sic), and the recitation in the judgment that the deed bears that date is such an error which requires "reversal and rendition of this cause." We do not agree.

The judgment of the trial court reflects that the deed is dated July 24, 1976, while, as has been noted, the deed itself shows that its correct date is August 18, 1975. The date "July 24, 1976" has no significance.

The judgment recital of the date of the deed, which is different from that which appears on the face of the deed itself, without more, does not constitute reversible error. It was nothing more than a clerical error. The Court of Civil Appeals will enter the judgment which should have been entered by the trial court where the error is apparent upon the face of the record and the justice of the case requires it. *King v. Tubb*, 551 S.W.2d 436, 445 (Tex.Civ.App.—

Corpus Christi 1977, no writ); *Carter v. Barclay*, 476 S.W.2d 909, 918 (Tex.Civ.App. —Amarillo 1972, no writ); *Wofford v. Miller*, 381 S.W.2d 640, 652 (Tex.Civ.App.— Corpus Christi 1964, writ ref'd n. r. e.). The error is apparent from the face of the record. The recital of an erroneous date of the deed in question in the judgment did not cause the rendition of an improper judgment. The error complained of was harmless error. Point 10 is overruled.

The trial court, in the judgment which was rendered, properly cancelled the deed. That portion of the judgment which recites that the deed in question is dated "July 24, 1976," is deleted, and the correct date of the deed "August 18, 1975" is substituted therefor.

The judgment of the trial court, as herein modified by the substitution of the date "August 18, 1975" for that of "July 24, 1976," is affirmed.

MODIFIED, AND AFFIRMED AS MODIFIED.