In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00053-CV
______________________________


 
 
IN THE MATTER OF THE MARRIAGE OF
GARY WAYNE LEWIS AND
SONDRA C. LEWIS
 

                                              

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 20,749


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            In an attempt to shore up his marriage, Gary W. Lewis conveyed to his wife, Sondra C.
Lewis, an undivided one-half interest in a 153.5-acre tract of land in Morris County. Nevertheless,
despite this purported gesture of goodwill, Gary and Sondra's marriage ended in divorce, and the trial
court awarded each party an undivided one-half interest in the 153.5-acre tract. Gary now appeals
the division of property. Gary attacks (1) the property division as disproportionate, in large part
because the trial court failed to find that Sondra defrauded or unduly influenced him, or that his
conveyance was made under duress, and (2) the trial court's discovery ruling allowing Sondra
additional time to compile discovery responses, which, Gary alleges, compounded the property
division error, because the division was made without considering her ultimate failure to provide
those discovery responses. We affirm.
1. Property Division Was Proper
            In dividing marital property on divorce, Texas trial courts have broad discretion, and their
judgments will not be disturbed on appeal unless they clearly abuse that discretion. McClary v.
Thompson, 65 S.W.3d 829, 833 (Tex. App.—Fort Worth 2002, pet. denied). Although that
discretion is not without limit, we presume the trial court properly exercised its discretion, and
require the appellant "to show from the record that the division was so disproportionate, and thus
unjust and unfair, as to constitute an abuse," In re Marriage of Taylor, 992 S.W.2d 616, 620 (Tex.
App.—Texarkana 1999, no pet.), and that the error probably did cause the rendition of an improper
judgment, Smith v. Smith, 620 S.W.2d 619, 625 (Tex. Civ. App.—Dallas 1981, no writ). We will
find error if the trial court mischaracterizes a major asset of the parties' estate which denies a just and
right division of the community estate. Reiss v. Reiss, 118 S.W.3d 439, 442 (Tex. 2003); McClary,
65 S.W.3d at 833. If we find an abuse of discretion has occurred, we cannot substitute our judgment
for the trial court's division of property, but must remand to the lower court for a new division of the
community estate. Jacobs v. Jacobs, 687 S.W.2d 731, 733 (Tex. 1985); In re Marriage of Morris,
123 S.W.3d 864, 867–68 (Tex. App.—Texarkana 2003, no pet.).
            Gary contends that the trial court erred by improperly dividing what he claims is his separate
property interest in all of the 153.5-acre tract of land and by failing to recognize as his separate
property $94,100.00.


 His overarching argument is that, because the disputed 153.5-acre tract was
originally in his name and he only later conveyed an undivided one-half interest to Sondra after she
"tricked, duped and defrauded" him into doing so, the conveyance should properly be voided as
having been induced by fraud. See Pulchny v. Pulchny, 555 S.W.2d 543, 546 (Tex. Civ.
App.—Corpus Christi 1977, no writ). While a careful review of the record supports Gary's position
that the 153.5-acre tract was, at one time, completely his separate property, it does not likewise
support his allegations of fraud, duress, or undue influence. As the sole trier of fact, the trial court
acted well within its discretion in refusing to find fraud, duress, or undue influence. 
            We conclude first that, at the time of the divorce and property division, the 153.5 acres was
separate property, owned in equal, undivided shares by Sondra and Gary. It is generally presumed
that property possessed by either spouse during or on dissolution of marriage is community property,
rebutted only by a spouse's clear and convincing demonstration of the property's separate character. 
Tex. Fam. Code Ann. § 3.003 (Vernon 1998). Whether property is considered community or
separate is determined by the inception of title, which occurs "when a party first has right of claim
to the property by virtue of which title is finally vested." Smith v. Smith, 22 S.W.3d 140, 145 (Tex.
App.—Houston [14th Dist.] 2000, no pet.) (citing Strong v. Garrett, 224 S.W.2d 471, 474 (Tex.
1949)). "The major consideration in determining the characterization of property as community or
separate is the intention of spouses shown by the circumstances surrounding the inception of title." 
Scott v. Estate of Scott, 973 S.W.2d 694, 695 (Tex. App.—El Paso 1998, no pet.).
            The parties' testimony in this case agrees that the funds used to purchase the 153.5-acre tract
in question derived from Gary's separate property—a $94,100.00 settlement from a previous
marriage and $60,000.00 from the sale of a 117.7-acre tract of land Gary owned before marrying
Sondra. Gary testified that he used the proceeds from the sale of his 117.7-acre tract as a down
payment on the 153.5-acre tract. The remaining balance was paid with two checks drawn on Gary
and Sondra's joint bank account, apparently with the understanding that Gary would then refund the
account by depositing $94,100.00 of his own money. Sondra agreed that the 117.7-acre tract was
Gary's separate property, purchased before they married, and that the proceeds from the sale of the
property  were  used  as  a  down  payment  on  the  153.5-acre  tract.  It  is  undisputed  that  Gary's 
$94,100.00 was deposited in the joint account shortly after writing the checks to satisfy the balance
on the property. 
            Although this evidence informs us as to the separate character of the 153.5-acre tract, this is
consistent with the trial court's order granting each party an undivided one-half separate property
interest in the land. In fact, Sondra's interest in the property is not the result of an improper division
of mischaracterized property; rather, Gary himself conveyed to Sondra her undivided one-half
interest in the property several months after its purchase. The question we must now address is
whether the trial court erred in failing to find that Sondra committed fraud, exercised undue
influence, or that Gary's conveyance was made under duress.
            Gary's basic argument in support of these allegations is that he agreed, in good faith, to
convey to Sondra an interest in the 153.5-acre tract in an effort to demonstrate his commitment to
making their marriage work. He testified that the conveyance was made at Sondra's insistence and
with the understanding that Sondra would move back in with him after having maintained a long-distance relationship for approximately three years. Gary also testified that he felt pressured into
making the conveyance because he felt badly when Sondra told him that he had given her a sexually
transmitted disease. When Sondra did not relocate, Gary filed for divorce. 
            While we agree that "[a] promise to do an act in the future may form the basis for an action
in fraud when it is made with the intention, design and purpose of deceiving," and that circumstantial
evidence may be considered in determining fraud, the question of a party's intent is a matter
peculiarly reserved for the trier of fact. Pulchny, 555 S.W.2d at 545–46 (citing Manziel v. Williams,
262 S.W.2d 437, 438 (Tex. Civ. App.—Texarkana 1953, no writ)). First, we note that there is no
direct evidence and no finding by the trial court that Sondra promised she would move in the event
Gary agreed to convey to her an interest in the disputed property. Second, even if such a promise
had been made, because there is evidence suggesting Sondra did intend to move,


 we must defer to
the trial court's discretion as the sole trier of fact, presuming that the court chose to believe the
testimony of one party over the other.
            We similarly find no merit in Gary's claims that Sondra exercised undue influence and that
he made the conveyance to Sondra under duress. When considering undue influence in executing
a deed, courts consider three factors: (1) the existence and exertion of an influence, (2) whether the
influence operated to subvert or overpower the grantor's mind, and (3) whether the grantor would
not have executed the deed but for the influence. Molnari v. Palmer, 890 S.W.2d 147, 149 (Tex.
App.—Texarkana 1994, no writ). When considering duress, courts must determine whether a party
has threatened to do some act against the other party that it had no legal right to do.


 Tenneco Oil
Co. v. Gulsby Eng'g, Inc., 846 S.W.2d 599, 604 (Tex. App.—Houston [14th Dist.] 1993, writ
dism'd). Gary testified that he conveyed an undivided one-half interest in the 153.5 acres "to . . .
pacify [Sondra] in order to show her that [he] was trying to make [the marriage] work." He also
testified to conveying the interest because he felt badly about giving her genital herpes and figured
he should try to make things work out because he did not want to have the guilt hanging over his
head. The record is simply devoid of any evidence that Sondra threatened Gary in any way or that
her spousal influence over him operated to subvert or overpower his ability to make sound decisions.
2. Discovery Ruling Not Error
            Gary also contends that the trial court erred by allowing Sondra additional time to compile
discovery responses without taking into account her failure to do so when making its final decision. 
Not only did Gary fail to object to the trial court's granting of additional time, but he also makes no
attempt to explain how the determination constituted an abuse of the court's discretion. Tex. R. App.
P. 33.1; see Tex. Dep't Parks & Wildlife v. Miranda, 133 S.W.3d 217, 229 (Tex. 2004). Even if error
was adequately preserved for our review, Gary's contention that the court did not take into account
Sondra's failure to provide complete discovery is unsupported. There is nothing in the record
suggesting that the trial court did not consider all of the evidence when dividing the parties' property.
 
 
 
Conclusion
            The trial court acted within its discretion in making no findings of fraud, duress, or undue
influence, and properly determined that each party was entitled to an undivided one-half interest in
the 153.5-acre tract. 
            Finding no error, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 1, 2004
Date Decided:             July 23, 2004