## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 28, 2005

The Honorable Joel D. Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0343

Re: Whether the Department of Housing and Community Affairs must revoke the statement of ownership and location, issued under Occupations Code section 1201.207, of a manufactured home when the home has been relocated without the payment of ad valorem taxes (RQ-0313-GA)

Dear Mr. Littlefield:

You ask whether the Department of Housing and Community Affairs (the "Department") must revoke the statement of ownership and location (the "Statement"), issued under Occupations Code section 1201.207, of a manufactured home when the home has been relocated without the payment of ad valorem taxes.[1] *See* TEX. OCC. CODE ANN. § 1201.207 (Vernon 2004); TEX. TRANSP. CODE ANN. § 623.094 (Vernon 1999).

Your question follows from what you describe as the Hunt County Tax Office's loss of "extensive tax revenues as a result of [manufactured] homes being removed from the County with delinquent taxes remaining unpaid." Request Letter, *supra* note 1, at 1. You continue:

> It has been alleged that finance companies who loan monies for the purchase of manufactured homes are circumventing the provisions of the Texas Property Tax Code requiring taxes to be paid prior to the acquisition of a permit to move the manufactured home by submitting false or fraudulent documentation to the . . . Department . . . indicating that no taxes are due. Based on the false or fraudulent information, the . . . Department . . . transfers titles to the mobile homes. Once ownership is transferred on the title, the Tax Office's lien effective January 1 is extinguished and the debt becomes uncollectible.

*Id.* at 1-2.

---

[1]*See* Letter from Honorable Joel D. Littlefield, Hunt County Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 24, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Your request implicates several statutes: chapter 1201 of the Occupations Code, the Texas Manufactured Housing Standards Act (the "Act"), *see* TEX. OCC. CODE ANN. § 1201.001 (Vernon 2004); chapter 623, subchapter E of the Transportation Code, relating to the transport of a manufactured house over a highway, road, or street, *see* TEX. TRANSP. CODE ANN. § 623.092(a) (Vernon 1999); and chapter 32 of the Tax Code, relating to tax liens, *see* TEX. TAX CODE ANN. § 32.01(a) (Vernon 2001). We will examine relevant portions of each of these statutes in turn.

## I.    Relevant Statutes

### A.    The Act

The Act, which is to "be liberally construed to promote its policies and accomplish its purposes," TEX. OCC. CODE ANN. § 1201.002(c) (Vernon 2004), provides the Department with jurisdiction over applications for and the issuance of Statements. *See id.* § 1201.203(a). A Statement is a Department-issued document that sets forth "the ownership and location of a manufactured home that has been sold at a retail sale or installed in this state" and "other information required by this chapter." *Id.* § 1201.003(23-a). Under section 1201.205 of the Occupations Code, a Statement must describe the manufactured home's make, model, and dimensions, and list certain information, including the purchaser's and seller's names and addresses, recorded liens on the home, the home's location, and "any other information the director requires." *Id.* § 1201.205; *see also* 10 TEX. ADMIN. CODE § 80.204(a) (2004) (Department of Housing & Community Affairs, Titling Forms) (listing the information a document of title must contain); TEXAS DEP'T OF HOUSING & COMMUNITY AFFAIRS, APPLICATION FOR STATEMENT OF OWNERSHIP AND LOCATION, *available at* http://www.tdhca.state.tx.us/mh/docs/solapp.pdf (last visited July 21, 2005). The Act currently requires the Department to print on each Statement a caution that the Statement "may not reflect the existence of a tax lien notice filed for the manufactured home after the date the [Statement] was issued" and that "information about a tax lien for which notice has been filed may be obtained from the department on written request." TEX. OCC. CODE ANN. § 1201.219(d) (Vernon 2004).

Within 30 days after the date of a manufactured home's first retail sale, the purchaser must complete an application for the issuance of a Statement and the retailer must submit it to the Department. *See id.* § 1201.206(a)-(c). If the manufactured home is subsequently sold or transferred, "the [new] purchaser or transferee shall apply for" a new Statement. *Id.* § 1201.206(d). Indeed, ownership "does not pass or vest at a sale or transfer . . . until a completed application for the issuance of a statement of ownership and location is filed with" the Department. *Id.* § 1201.206(e). An owner who relocates the home must apply for a new Statement "not later than the 30th day after the date the home is relocated." *Id.* § 1201.206(f). A relocating owner also must submit to the Department evidence that the home was relocated consistently with Texas Department of Transportation ("TxDOT") requirements, set forth in chapter 623, subchapter E of the Transportation Code. *See id.*; TEX. TRANSP. CODE ANN. ch. 623, subch. E (Vernon 1999 & Supp. 2004-05); *infra* at 3 (discussing TxDOT requirements under Transportation Code chapter 623, subchapter E).

Section 1201.209 lists several reasons for which the Department director may refuse to issue or may suspend or revoke a Statement, including that the Department director "has reason to believe" that "a local tax lien was filed before September 1, 2001, and recorded . . . , and the lien has not been extinguished."[2]  TEX. OCC. CODE ANN. § 1201.209(6) (Vernon 2004).[3]  You focus on section 1201.209(1), which lists as a reason that "the application for issuance of the [Statement] contains *a false or fraudulent statement." Id.* § 1201.209(1) (emphasis added); *see also* Request Letter, *supra* note 1, at 2 (emphasis added).  If the director refuses, suspends, or revokes a Statement, the director must notify the seller and purchaser or transferor and transferee, as well as the holder of a lien or security interest, and must permit affected parties to appeal the decision. *See* TEX. OCC. CODE ANN. § 1201.210(a)-(c) (Vernon 2004).

## B.    Transportation Code Chapter 623, Subchapter E

Under section 623.092(a) of the Transportation Code, a manufactured home that exceeds legal size limits for a motor vehicle "may not be moved over a highway, road, or street" without a TxDOT-issued permit. TEX. TRANSP. CODE ANN. § 623.092(a) (Vernon 1999).  Section 623.093(d) requires that an application for a permit to transport a manufactured home in connection with a transaction other than the original sale, exchange, or lease-purchase to a consumer be accompanied by a written statement from the chief appraiser that no ad valorem taxes are owed on the house.  Thus, unless the manufactured house is not listed on the most recent appraisal roll of the appraisal district established for the county in which the manufactured house is located, "the application for a permit must be accompanied by a written statement from the chief appraiser of the appraisal district established for the county in which the manufactured house is located that states that no unpaid ad valorem taxes have been reported on the manufactured house due any taxing unit for which the appraisal district appraises property." *Id.* § 623.093(d) (Vernon Supp. 2004-05).

## C.    Tax Code Chapter 32

In general, under section 32.01 of the Tax Code, a tax lien attaches to real and personal property on January 1 of each year "to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on the property." TEX. TAX CODE ANN. § 32.01(a) (Vernon 2001).  Section 32.014 provides specifically for tax liens on manufactured homes:

---

[2]House Bill 2438 recently passed the Seventy-ninth Texas Legislature and amends section 1201.209(6). *See* Act of May 29, 2005, 79th Leg., R.S., H.B. 2438, § 14 (to be codified at TEX. OCC. CODE ANN. § 1201.209(6)); *infra* note 8 (summarizing relevant portions of House Bill 2438).

[3]Section 1201.209 does not expressly authorize the Department to refuse to issue, suspend, or revoke a Statement in any circumstance: "The department may not refuse to issue [a Statement] and may not suspend or revoke [a Statement] unless . . . ." TEX. OCC. CODE ANN. § 1201.209 (Vernon 2004).  Section 1201.209 appears implicitly to authorize the Department to refuse, suspend, or revoke Statements in certain circumstances.

(a)     If a manufactured home is listed together with the land on which the manufactured home is located under Section 25.08,[4] the tax lien attaches to the land on which the manufactured home is located.[5]

(b)     If a manufactured home is listed separately from the land on which the manufactured home is located, the tax lien on the manufactured home does not attach to the land on which the home is located.

(c)     In this section, "manufactured home" has the meaning assigned by Section 1201.003, Occupations Code.[6]

(d)     If a manufactured home is listed together with the land on which the manufactured home is located, a taxing unit with jurisdiction to impose taxes on the land may place a lien on the manufactured home to secure payment of those taxes to the same extent that it can place a lien on the land. If a home is moved from its location *and a new [Statement] is not issued under Section 1201.207, Occupations Code*, a taxing unit with jurisdiction to impose taxes on the land on which the manufactured home was located retains the right to record and enforce liens on that home to secure the payment of taxes, regardless of where the home is currently located.

(e)     This section prevails over Chapter 1201, Occupations Code, to the extent of any conflict.

---

[4]Section 25.08 of the Tax Code directs that a manufactured home "shall be listed" in local property appraisal records "together with the land on which the home is located if:" (1) the Statement for the home reflects the owner's election to treat the home as real property; and (2) a certified copy of the Statement "has been filed in the real property records in the county in which the home is located." TEX. TAX CODE ANN. § 25.08(e) (Vernon Supp. 2004-05). If either of these two conditions is not satisfied, the home "shall be listed separately from the land on which the home is located." *Id.* § 25.08(f).

[5]An owner of a manufactured home may elect to have the home treated as personal property or real property. *See* TEX. OCC. CODE ANN. § 1201.2055(a) (Vernon 2004). An owner may elect to treat the manufactured home as real property, however,

only if the home is attached to:

(1) real property that is owned by the owner of the home; or

(2) land leased to the owner of the home under a long-term lease, as defined by department rule.

*Id.*

[6]Occupations Code section 1201.003(15) defines the term "manufactured home" as "a HUD-code manufactured home or a mobile home." *Id.* § 1201.003(15).

*Id.* § 32.014 (Vernon Supp. 2004-05) (emphasis and footnotes added); *see also id.* § 32.015 (providing for cancelling tax liens filed before September 1, 2001, on which payment of the taxes, penalties, and interest has been recorded).

## II.     Analysis

Your question appears limited to a manufactured home on which a tax lien is unenforceable under Tax Code section 32.014(d) because the home has been relocated. We therefore consider only those manufactured homes that are listed on the local tax records "together with the land on which the . . . home is located." *Id.* § 32.014(a); *see* Request Letter, *supra* note 1, at 2 ("Once ownership is transferred on the title, the Tax Office's lien . . . is extinguished and the debt becomes uncollectible."). We further assume that you do not ask about an unextinguished tax lien filed before September 1, 2001; the Department is expressly authorized to refuse to issue or to suspend or revoke a Statement if "a local tax lien was filed before September 1, 2001, . . . and the lien has not been extinguished." *See* TEX. OCC. CODE ANN. § 1201.209(6) (Vernon 2004).

As we understand the problem underlying your question, once a manufactured home is relocated and the Department issues a new Statement under Tax Code section 32.014(d), an existing tax lien may not be enforced. *See* TEX. TAX CODE ANN. § 32.014(d) (Vernon Supp. 2004-05). The Hunt County Tax Office thus would like the Department to refuse to issue or to suspend or revoke Statements on relocated manufactured homes on which ad valorem taxes are owed. *See* Request Letter, *supra* note 1, at 1. In your opinion, an application for a Statement that omits relevant information about unpaid ad valorem taxes is a false or fraudulent statement for which the Department may refuse to issue or may suspend or revoke a Statement under section 1201.209(1). *See id.* at 1-2. You also suggest that a Statement application that either omits evidence that the manufactured home was relocated consistently with TxDOT requirements or is based on a TxDOT relocation permit that was fraudulently obtained is grounds for refusing to issue or for suspending or revoking a Statement under section 1201.209(1) of the Occupations Code. *See id.* (attachment to Request Letter) (reprinting portions of Transportation Code chapter 623).

An applicant's failure to provide accurate information about an existing tax lien constitutes sufficient grounds for refusing to issue or for suspending or revoking a Statement. *See* TEX. OCC. CODE ANN. § 1201.205(6) (Vernon 2004). Under Occupations Code section 1201.205(6), a Statement must describe each lien on a manufactured home. *See id.* § 1201.205(6) (stating that a Statement must provide "in chronological order of recordation, the date of each lien on the home and the name and address of each lienholder"). The term "lien," used in section 1201.205(6), is a broad term that, as commonly understood, encompasses a tax lien:

> The term "lien", as generally used, is a charge or encumbrance upon
> property to secure the payment or performance of a debt, duty, or
> other obligation. . . . A "tax lien" is merely a security established by

statute of which the taxing authority may avail itself in the event of a default in payment.

*United States v. Phillips*, 267 F.2d 374, 377 (5th Cir. 1959); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (directing a court to read statutory words and phrases "in context and" consistently with "common usage"). In addition, under Occupations Code section 1201.209(1), an applicant's failure to provide information required by the director, such as information that the Act plainly requires, is grounds for refusing to issue or for suspending or revoking a Statement, regardless of the false or fraudulent nature of the omission. *See* TEX. OCC. CODE ANN. § 1201.209(1) (Vernon 2004) (allowing the Department to refuse to issue or to suspend or revoke a Statement if "the applicant failed to provide information required by the director"). Whether such a failure is also a "false or fraudulent statement" for which a Statement may be refused, suspended, or revoked under section 1201.209(1) is a question of a person's knowledge and intent[7] and must be determined on the basis of the facts in a particular case. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process).

In the alternative, the Department may refuse to issue or may suspend or revoke a Statement if the home was not "relocated in accordance with" TxDOT's requirements. TEX. OCC. CODE ANN. § 1201.206(f) (Vernon 2004); *see* TEX. TRANSP. CODE ANN. § 623.093(d) (Vernon Supp. 2004-05) (requiring a permit to transport a manufactured home to include information on taxes due on the home). Section 1201.206(f) of the Occupations Code directs the Department to require an owner to submit evidence that the home was relocated consistently with TxDOT's requirements. TEX. OCC. CODE ANN. § 1201.206(f) (Vernon 2004). To obtain a permit to relocate a manufactured home under section 623.093(d) of the Transportation Code, an applicant must submit "a written statement from the [appropriate] chief appraiser . . . that states that no unpaid ad valorem taxes have been reported on the manufactured house due any taxing unit for which the appraisal district appraises property." TEX. TRANSP. CODE ANN. § 623.093(d) (Vernon Supp. 2004-05). An applicant who failed to obtain a permit or who applied for a permit but who failed to inform TxDOT about unpaid taxes has not relocated the manufactured home consistently with TxDOT's requirements. Thus, although section 1201.209 of the Occupations Code does not list an applicant's failure to show that a manufactured home was relocated in accordance with TxDOT's requirements or an applicant's use of false or fraudulent information to obtain a relocation permit from TxDOT as grounds for which the Department may refuse to issue or may suspend or revoke a Statement, we construe section

---

[7]*See Am. Empire Life Ins. Co. v. Long*, 344 S.W.2d 513, 518 (Tex. Civ. App.–Eastland 1961, writ ref'd n.r.e.) (quoting 20 TEX. JUR. § 16, at 33-34) (recognizing that a fraudulent promise is one made "'with the intention, design and purpose of deceiving.'"); *In re Pirko*, 540 N.E.2d 329, 332 (Ohio Ct. App. 1988) (stating that in "common everyday usage," the word "false" indicates a statement that sets forth untruths); BLACK'S LAW DICTIONARY 618 (7th ed. 1999) (defining "false" as "untrue" or "deceitful"), *id.* at 672 (defining "fraudulent act" as "[c]onduct involving bad faith"); *see also Manziel v. Williams*, 262 S.W.2d 437, 438 (Tex. Civ. App.–Texarkana 1953, no writ) (quoting 37 C.J.S. *Fraud* § 12) (stating that "'the state of mind of a person making a representation is an existing fact'").

1201.206(f) to authorize the Department to refuse to issue or to suspend or revoke a Statement for these reasons.[8]

---

[8]The Seventy-ninth Texas Legislature passed House Bill 2438, which amends Occupations Code section 1201.209(6) expressly to permit the Department to refuse to issue or to suspend or revoke a Statement if an unextinguished tax lien has been filed and recorded with the Department, regardless of the filing date. *See* Act of May 29, 2005, 79th Leg., R.S., H.B. 2438, § 14 (to be codified at TEX. OCC. CODE ANN. § 1201.209(6)). The bill also amends section 1201.219(b) of the Occupations Code to provide for perfecting a tax lien on a manufactured home. *See id.* § 18. Finally, the bill amends Tax Code section 32.03 by adding new subsections (a-1) and (a-2), which provide for enforcing a recorded tax lien and to prohibit transferring a manufactured home's title if perfected tax liens have not been extinguished:

> (a)  Except as provided by Subsection (a-1), a [A] tax lien may not be enforced against personal property transferred to a buyer in ordinary course of business . . . who does not have actual notice of the existence of the lien [or, if the personal property is a manufactured home, who does not have constructive notice of the existence of the lien].

> (a-1)  A tax lien against a manufactured home may not be enforced unless it has been recorded with the Texas Department of Housing and Community Affairs as provided by Section 1201.219, Occupations Code:

>> (1)  before October 1, 2005; or

>> (2)  not later than six months after the end of the year for which the tax was owed.

> (a-2)  A person may not transfer title of a manufactured home until all tax liens perfected on the home have been extinguished or satisfied and released. This subsection does not apply to the sale of a manufactured home in inventory.

Act of May 29, 2005, 79th Leg., R.S., H.B. 2438, § 33 (to be codified at TEX. TAX CODE ANN. § 32.03). House Bill 2438 was signed by the Governor and became effective June 18, 2005. *See id.* § 36 (specifying the bill's effective date). Consequently, tax liens are now unenforceable unless they have been recorded with the Department. Additionally, title to a manufactured home will not be transferred until all perfected tax liens are extinguished or satisfied.

### S U M M A R Y

A tax lien that has attached to a manufactured home under section 32.01(a) of the Tax Code must be listed on a statement of ownership and location (a "Statement") issued by the Texas Department of Housing and Community Affairs under Occupations Code section 1201.205(6). The Department may refuse to issue or may suspend or revoke a Statement that is based on false or fraudulent information regarding an existing tax lien. In addition, the Department may refuse to issue or may suspend or revoke a Statement for a manufactured home that was relocated without a relocation permit from the Department of Transportation or with a relocation permit obtained without truthful information regarding taxes due on the home.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee